EMILY HIGDON, administratrix, plaintiff in error, vs. J. H. BAILEY and others, defendants in error.

[1.] Parol evidence is admissible to prove that one of joint makers of a promissory note, was surety only.

[2.] There being no contract between a distributee of an estate and persons who become his sureties to the administratrix for property purchased at the sale, that the administratrix should hold on to his portion as an indemnity to such sureties, the fair and *bona fide* purchase of such share by the administratrix, without fraud or collusion to injure the sureties, does not discharge the sureties from their liability on the note on which they are surety.

Certiorari, in Gordon Superior Court.    Decision by Judge TRIPPE, at April Term, 1858.

Emily Higdon, administratrix of the estate of Robert Higdon, deceased, brought suit in a Justice's Court, on six promissory notes, each for thirty dollars, against Hilary Higdon, and others.   These notes were given by Hilary for property bought at the sale of intestate's estate, and the other defendants were his sureties.   Hilary was not served with summons, having left the State, and some of the sureties were not served.   Those who were served appeared and plead:

1st. That they were only sureties on said notes, and that the plaintiff was notified to sue the principal which she failed to do for more than three months after such notification, and by virtue of the statute in such case made and provided, they were discharged.

2d. That the plaintiff had effects in her hands, belonging to said Hilary, their principal, which she paid over to him, and permitted him to leave the State, without reserving a sufficient amount to pay these notes, whereby defendants were injured, &c.

3d. That the notes sued on had been paid off by said Hilary their principal.

Upon the trial on appeal in the Justices's Court, defendants offered to prove that they were only sureties.   To this,

plaintiff objected. The Court overruled the objection, and admitted the testimony, and this is the ground of plaintiff's first exception.

In support of the second plea, defendants proved that plaintiff purchased Hilary's share or interest in the estate of Robert Higdon deceased, and paid him therefor, the sum of seven hundred dollars. This was on 21st May, 1855. The notes in suit were dated 21st May, 1854, and due 1st of Sept. 1855.

Much other testimony was introduced in support of the above pleas, after which the jury retired and found for the defendants, upon which verdict the Court rendered judgment, and plaintiff excepted.

The plaintiff sued out a certiorari, and upon the hearing of the case in the Superior Court, the presiding Judge held that, under the record and testimony certified and sent up by the Justices, the defendants were discharged as sureties, and dismissed the certiorari.

To which decision counsel for plaintiff excepted.

A. L. Sheppard, for plaintiff in error.

Dabney, contra.

By the Court.—McDonald, J. delivering the opinion.

[1.] There was no error in admitting evidence to prove that the defendants were only sureties for Hilary Higdon. The evidence does not vary the written contract, and it was certainly within the spirit of our statutes which authorize an issue to be made up and tried between joint-makers of notes as to the surety-ship of one for the other.

[2.] We do not think, however, with the presiding Judge in the Court below that the facts proven, as they appear in the return to the certiorari, discharged the sureties from their liability on the note. The plaintiff had three months with-

in which she was compelled to sue the principal, after the notice was given. If she sued him at any time within three months from the time the notice was given, she saved her remedies against the sureties. If he had removed from the State within that time, she was not bound to follow him out of the State to sue him, nor did she lose her remedy by her failure to sue him before he left the State, within three months of the notice, the omission to sue not being the result of collusion between the plaintiff and the principal in the note. 3 *Kelly*, 523. Sureties to promissory notes undertake to pay them at maturity, if the principal does not, and before our statute, holders were not compelled to sue, after notice to sue by the sureties. It was the duty of sureties to comply with their engagement and to adopt such measures to recover from principals, the amount paid for them, as in their judgment, their interest required. This is their remedy now, if the notice authorized by the statute cannot avail them.

There is nothing in the purchase by the plaintiff, of the interest of the principal in the notes, in his deceased father's estate, to relieve the sureties. He had a right to sell and the plaintiff had a right to purchase. There was no legal impediment to a fair sale and purchase. There is nothing in the record to show that there was any agreement or understanding between the plaintiff and the defendants, and the principal Higdon, that she should retain in her hands for their indemnity the portion coming to him from his father's estate. She was bound according to law to pay to him his share of the estate of her intestate, as soon after the expiration of twelve months, as the debts were paid, and nothing could relieve her from the obligation, except the restraint of legal process or his consent. If she thought proper to advance to him his portion, (if it was an advance,) if done without fraud or collusion for the purpose of depriving the defendants of a legal right, and there is nothing of the sort apparent in this record, the sureties cannot claim to be dis-

Higdon adm'x vs. Bailey et al.

charged thereby.   The charge of fraud in the circumstances is not well sustained by the record.   The note sued on, bears date on the 8th November, 1854, and became due on the first day of September thereafter.   The plaintiff purchased the interest of Hilary Higdon on the 21st May, 1855.   He left the State on Sunday night, before June adjourned Term of the Superior Court of Gordon county, 1856.   The notice to sue Higdon was given about the last of August or first of September, of the same year.   Suit was instituted on the 24th February, 1857.   One of the witnesses who testified to the notice, says Higdon had left or was about leaving the State, at the time the notice was given.   According to the evidence, he remained in the State more than twelve months after his interest in his father's estate was purchased by the plaintiff, and several months after the maturity of the note. The most reliable evidence, that of the bailiff who had executions against him, was that he had left the State at least two months, before the notice to sue.   And it appears also, that the object of giving the notice to sue Higdon, was that the other sureties might be sued, lest they should move off and leave the entire debt to be paid by him who gave the notice.   It is our judgment, that there is nothing in the circumstances of this case as disclosed in the record, to discharge the sureties from their liability to pay the debt sued on.

Judgment reversed