## Case No. 13,513.

### In re STOWE.

[6 N. B. R. 429.] 1

District Court, D. Maine. July 3, 1871.

BANKRUPTCY—MORTGAGE—ILLEGAL PREFERENCE—PRE-EXISTING DEBT—SEVERANCE—PRACTICE.

A creditor advanced money to his debtor, within four months of proceedings in bankruptcy, and took a mortgage of the debtor's stock in trade, first, as security therefor; secondly, included in the same mortgage, another (antecedent) debt due to himself, which was secured by a prior mortgage on the same property,

1 [Reprinted by permission.]

held by and given to the bankrupt's (debtor's) former copartner; and, thirdly, for convenience, and to save writing an additional mortgage, an overdue note taken up and held by the endorser, by whose request it was inserted in the mortgage. Subsequent to proceedings in bankruptcy, the stock in trade was sold, with the consent of the several mortgagees, who proved their claims before the register as secured debts, and joined with the assignee in submitting to the register their rights under the mortgage. The register held that the mortgage was void as against the assignee. because intended to secure a pre-existing debt, &c.—the overdue note—according to the principle of the decision in Denny v. Dana, 2 Cush. 160. *Held*, on appeal by the mortgagee, (the endorser withdrawing therefrom and surrendering all rights under the mortgage,) that the mortgage could be severed and sustained in part, and denied as to the rest. The court also disapproved the mode of presenting the case. It should be presented by a petition of the mortgagee against the funds in court.

[Cited in Corbett v. Woodward, Case No. 3,-223.]

The bankrupt applied, within four months of the proceedings in bankruptcy, to Godfrey for a loan of money, and agreed to give him a mortgage, as security, on his stock in trade in his store in Oldtown. He needed the money to pay off some overdue notes held by one Smith, which were secured by a mortgage of stock in trade, executed by the firm, Stowe & Waldron, composed of the bankrupt and Waldron, previously doing business at the same place then occupied by the bankrupt, and to whom he was successor. Godfrey was also the owner of a note of Stowe & Waldron, secured by another mortgage, given by Stowe to Waldron at the dissolution of the firm, as indemnity against partnership debts, and which it was agreed should also be included in the mortgage to secure the loan then being negotiated. While the negotiation was pending, Dillingham, another creditor, who had as an accommodation endorser been compelled, a few days before, to pay a note of the bankrupt, learning that Stowe was about making the mortgage in question, called upon Godfrey and informed him of the circumstances, and requested him as a favor. and to save multiplying papers, to include his claim in this mortgage. A mortgage was accordingly made, including Dillingham's claim, which was evidenced by a note of the bankrupt, payable to his own order, endorsed in blank, and dated the same day as the mortgage, and a new note given to Godfrey, embracing his two claims. Shortly after, Stowe failed, and proceedings in bankruptcy having been commenced against him, his stock in trade was sold under section twenty-five, with the consent of the mortgagees, and the funds arising from the sale were deposited in court, subject to the rights of the mortgagees; and, thereupon, by agreement between the assignee and the secured creditors, their rights under the last mortgage were submitted to the register in charge of the cause. Both Godfrey and Dillingham claimed before the register that they held a valid lien upon the funds in court, by virtue of the mortgage to Godfrey; and each filed "proofs of debt with security," accompanied by their examinations, taken on application of the assignee. No evidence was offered to show whether any of the Stowe and Waldron stock at the dissolution of that firm was in existence at the date of the mortgage to Godfrey. The register decided the mortgage was void as against the assignee, under section thirty-five, for several reasons, but principally because it was a preference of the Dillingham claim—that the mortgage was an entirety as presented by Godfrey, and being void in part, according to Denny v. Dana, 2 Cush. 160, was void in whole. On the issues of fact and law thus arising the register, at the request of the parties, adjourned the same into court for the decision of the judge. At the hearing before the judge, and upon the suggestion of the court, that the proceedings were irregular, the parties withdrew their proofs, and Godfrey presented instead a petition against the funds in court, claiming payment only of his own demand; Dillingham making no further claim under the mortgage.

H. C. Goodenow, for assignee.
C. P. Stetson, for Godfrey.

FOX, District Judge (orally). I find the consideration of Godfrey's note was in part money then loaned and the balance was received in discharge of a note upon which he then had full security, first by the partnership of Stowe & Waldron and second by and through the mortgage on Stowe's stock, held to be sure by Waldron, but which in equity would inure to Godfrey's benefit as the holder of the liability thereby protected. Under these circumstances, it does not appear to me that Godfrey and Stowe can be deemed to have intended a fraudulent preference of this demand; under the provisions of the bankrupt law there was a full present consideration for this mortgage qua this note, and the estate has not been in any way defrauded thereby. Whether the Dillingham claim is equally pure and protected it is not in my view necessary to determine, as Dillingham makes no claim to payment from the mortgaged property, and the case of Denny v. Dana, 2 Cush. 160, I think is not to control the rights of Godfrey. If Dillingham had taken the mortgage charged. with a fraudulent motive and preference of his debt, under the bankrupt law, it may be that this case would control, but Godfrey himself is found by me entirely innocent, and so far as he is concerned, is a bona fide holder for present value. I think the case falls within that class of which U. S. v. Bradley, 10 Pet. [35 U. S.] 360 is an illustration, that a contract may be good in part and void for the residue, where the residue is founded in illegality, but not malum in se. Now extra the provisions of the bankrupt act Dilling-

ham had a perfect right to take this security, and as all proceedings in bankruptcy are based on principles of equity, I think we are justified in severing the conditions of the mortgage and sustaining it so far as one of the claims in behalf of the sole mortgagee, entirely innocent of all violation of the law, is concerned.

The following decree was subsequently entered by the court:

FOX, District Judge. The assignee named in the foregoing petition having acknowledged notice, and the case having been argued by counsel in behalf of the respective parties, it is by the court now ordered, adjudged and decreed, that the security by mortgage of September twenty-seventh, eighteen hundred and seventy, on the bankrupt's stock of goods and merchandise, as set forth in said petition, for the payment to said Godfrey of the note of said bankrupt for seven hundred and ninety-three dollars and seventeen cents, on six months with interest, (said note being in part for a present consideration then advanced by said Godfrey to said bankrupt, and the residue thereof being in payment of a demand held by said Godfrey against said bankrupt, payment of which before that time had been and then was fully secured to said Godfrey,) constituted a valid and legal incumbrance on the property mortgaged to the extent of the amount due upon said note and was not in fraud of any of the provisions of the bankrupt act, and that said stock in trade passed to said assignee in bankruptcy, charged with and subject to said lien and incumbrance. And it is therefore further ordered, that said assignee pay to said Godfrey, forthwith, from the net proceeds of the sale of said mortgaged property, if the same shall be sufficient for that purpose after satisfaction of any previous liens, if any there be, the amount due upon said note with legal interest at six per cent. from the time said note became due and payable.