Hall *vs.* The Capital Bank of Macon.

## HALL *vs.* THE CAPITAL BANK OF MACON.

After the indorsement of a promissory note, the maker stands in the position of an acceptor of a bill of exchange, and the indorser in that of the drawer. As to the holder, the maker or acceptor is primarily liable, and the indorser or drawer is secondarily liable. In a suit by the holder, the maker or acceptor may plead and prove that he stood in the position of a mere accommodation acceptor, and therefore a surety; that the holder knew this fact, and that the maker was not interested in the note, before taking it that the holder had extended the time of payment for a valuable consideration, promised by the indorser, without the consent of the maker; and that the indorser had become insolvent.

(*a.*) Indulgence by the holder to the acceptor without the consent of the drawers, who were mere sureties, granted for a consideration, will discharge such sureties.

October 23, 1883.

Promissory Notes. Negotiable Instruments. Principal and Indorser. Contracts. Before Judge CARSWELL. Bibb Superior Court. April Term, 1883.

Reported in the decision.

W. DESSAU; BACON & RUTHERFORD, for plaintiff in error.

BILLUPS & HARDEMAN; HILL & HARRIS, for defendant

BLANDFORD, Justice.

The Capital Bank brought an action upon the following paper, viz:

"$325.50                              MACON, GA., July 12, 1880.

Thirty days after date I promise to pay to the order of L. W. Rasdal, agent, three hundred and twenty-five dollars and 50-100 dollars at Capital Bank, Macon, Ga., value received.

                 (Signed.)    ROLAND B. HALL.

                 (Indorsed.)   L. W. RASDAL, Agent."

The defendant, Hall, pleaded that he was only a security on the note; that the note was made for the benefit of

Rasdal, who discounted it at plaintiff's bank; that Hall got no part of the proceeds from the bank; when the note fell due, it was not presented to Hall for payment; that after it became due, the bank extended it with Rasdal for twelve months, on the condition of one per cent per month paid by Rasdal, without the knowledge or consent of Hall; that when the note fell due, Rasdal was solvent; that Hall was not advised of the non-payment of the note until Rasdal had become insolvent; and that the bank was fully advised that Hall was only a security at the time it discounted the note.

The plaintiff demurred to the sufficiency of this plea. The court sustained the demurrer and dismissed defendant's plea, and this ruling forms the subject of the complaints by the plaintiff in error.

The question is as to the real relations of the parties to this note or contract. After the indorsement of a promissory note, the maker stands in the position of an acceptor to a bill of exchange, and the indorser in that of the drawer; as to the holder, the maker (now acceptor), is primarily liable, and the indorser (now drawer), is secondarily liable. And the transaction stands thus: The indorser says to the holder that, if the maker does not pay the note at maturity, I will, and such is his liability. The point of resemblance between a promissory note and a bill of exchange being thus fixed, the law relative to bills of exchange becomes applicable to promissory notes. 2 Burr., 676; Chitty on Bills, 521; 55 *Ga.*, 656.

According to the statements and allegations in defendant's plea, Rasdal was liable as the maker, and Hall was liable as an accommodation acceptor to the holder, the plaintiff in this action. An accommodation indorser is considered merely as a security. The form of the contract is immaterial. Code, §2151. The plea avers that the bank, when it took this note, knew that Hall was not interested in the same; that he was merely surety for Rasdal, and when he drew this bill or made this note, he did it

merely for the accommodation of Rasdal, who was to pay the same, and to whom the bank extended time of payment, upon a consideration promised by Rasdal, without the consent of Hall. We have seen that as to this transaction Hall was merely an accommodation acceptor, and he may show that he is but a security. *Boynton vs. Twitty et al.*, 53 *Ga.*, 217, fully sustains this principle.

In the case of *Parmalee vs. Williams*, decided at the present term of this court, it was held that indulgence by the holder to the acceptor, without consent of the drawers, upon consideration, would discharge the drawers, who were but sureties in that case ; and indulgence to the indorser in this, who is the drawer, as it were, and primarily liable on this paper, on consideration stated in the plea, will discharge the accommodation acceptor, who is but a surety in this case. See the case last referred to. So it appears that the judgment of the court below, sustaining the demurrer and dismissing defendant's plea, was error, and this judgment is reversed.

Judgment reversed.