Freeman v. Coleman, Ray & Company.

While a married woman may not contract a debt of suretyship that will bind her, she may, as an original undertaker, become liable for goods furnished to another from which she derives no personal benefit.

February 2, 1891.

Married women. Principal and surety. Before Judge Miller. Bibb superior court. April term, 1890.

Reported in the decision.

A. Proudfit and Dessau & Bartlett, for plaintiff.

R. V. Hardeman and Hardeman, Davis & Turner, for defendants.

Lumpkin, Justice.

By an equitable petition Mrs. Freeman sought to set aside and cancel a mortgage and certain notes and a draft which she had given to Coleman, Ray & Co., on the ground that she was a married woman at the time of the execution of these papers and signed them merely as surety or guarantor for her sister, Mrs. Moughon. By their answer, the defendants alleged that Mrs. Freeman did not contract as surety or guarantor for her sister, but as an original undertaker, to whom alone they extended the credit. It appears from the record that Mrs. Moughon obtained the benefit of the goods furnished by the defendants. The issue submitted to the jury was whether credit was extended to Mrs. Moughon as principal and Mrs. Freeman as her surety, or to Mrs. Freeman alone. Upon this issue the evidence was decidedly conflicting, but the jury found in favor of the defendants, and this court will not disturb their finding. It is too well settled, both by our statute and repeated adjudications, to require further discussion, that a married woman cannot be bound by a contract of suretyship, but it may now be considered as settled

that. she may, upon her own responsibility, purchase goods for the benefit of another and execute notes and mortgages to secure the same; and when she does this, she is bound by her contract.        *Judgment affirmed.*