## FINCH v. BARCLAY.

87 393
92 370

87 393
f110 379

1. Under the rule that all public officers are presumed to do their duty, the ordinaries who are required by section 1592 of the code to give notice by publication and otherwise when standard weights and measures are obtained by them will be presumed to have given such notice. Nor would a failure to give such notice relieve the citizen from his obligation to have his weights and measures duly marked.

2. The code, section 1589, requires all persons engaged in selling by weights and measures to have the same properly marked by the ordinary, and declares that in default thereof, they shall not collect any account, note, or other writing, the consideration of which is any commodity sold by their weights and measures. Whether under this provision, taken in connection with section 2745 of the code, the note and mortgage are void only for so much of their consideration as arose from sales of goods weighed and measured by unmarked instruments, or for the whole amount thereof, some of the consideration being other dealings, was not decided by the court below, and is left an open question for determination in this case on the new trial.

3. A married woman is liable for goods bought on her sole credit for the use of her son. If her undertaking was not primary, but as surety for him, she is not liable. Her separate note and mortgage would be *prima facie* but not conclusive evidence of her actual relation to the debt.

4. A witness may refresh his memory by a memorandum taken from his books if, after so refreshing it, he can and does testify to the facts from his own recollection.

July 13, 1891. Argued at the last term.

Officers. Notice. Weights and measures. Consideration. Married women. Witness. Before Judge ROBERTS. Twiggs superior court. October term, 1889.

A suit on a note by Barclay against Mrs. Finch, and a proceeding by him to foreclose a mortgage given by her to secure the note, were consolidated. She defended on the ground that at the time of the making of the note and mortgage she was a married woman and simply gave them as security for a debt of her son, receiving none of the consideration ; and upon the further ground that the consideration of the note and

mortgage was certain meat and corn sold by plaintiff, who was a grocery merchant, to her son, by weights and measures, when plaintiff had not applied to the ordinary of the county and had the weights and measures marked or stamped as required by law, the ordinary having at that time marking instruments for the purpose of marking weights and measures not coming up to the legal standard. Upon the trial the evidence was directly conflicting as to who received the benefit of the consideration of the note and mortgage, and as to whom the credit was given. It was shown that the ordinary had the standard weights and measures in his office and had them at the time the note and mortgage were executed, but it did not appear that any notice was ever published that he was prepared to test weights and measures. There was a verdict for the plaintiff, and the defendant moved for a new trial, which motion was overruled.

One of the grounds of error assigned is, that the court charged that the evidence was not sufficient to authorize the jury to consider the question of weights and measures, and refused to allow the defendant's counsel to argue to the jury the point touching the testing of the weights and measures, upon the ground that it was not in proof that the ordinary had published notice for sixty days that he was prepared to test weights and measures ; and in announcing that he (the court) would exclude the question as to weights and measures from the consideration of the jury.

Another assignment of error is, that the court charged the jury: "The controlling question in this case is, to whom was the credit given? If you believe from the evidence that the credit was given to the defendant, Mrs. Finch, then you would be authorized to find for the plaintiff, but on the other hand, if you believe from the evidence that the credit was given to W. F. Finch

and Falk Finch, her sons, then you would be authorized to find for the defendant." And further charging : "If you believe the credit was primarily given to Mrs. Finch you would be authorized to find for the plaintiff, no matter who received the consideration."

It is also alleged that the court erred in allowing plaintiff to testify to the consideration of the note sued on from a memorandum which the witness admitted was taken from his books, the witness swearing that he used the memorandum to refresh his memory and was testifying to his recollection of the fact, after having his memory refreshed. The objection made to the admission of the testimony was, that the books themselves were the highest testimony of what they contained.

L. D. MOORE, by brief, for plaintiff in error.

BACON & RUTHERFORD, by brief, *contra*.

BLECKLEY, Chief Justice.

1. The court erred in withholding from the jury so much of the defence as related to selling by weights and measures not duly marked. True, the code, §1592, directs that "When such standards are obtained, it is the duty of such ordinary to give sixty days' written notice thereof at the door of the court-house, and in the public gazette where the sheriff of the county advertises his sales," and there was no affirmative evidence that such notice had been given. But the law presumes that a public officer performs all his official duties, and the effect of this presumption is to dispense with proving the fact otherwise when it comes collaterally in question. Moreover, this provision of the code is simply directory to the officer, and failure to comply with it would not relieve the citizen from his express statutory obligation to have his weights and measures duly marked before proceeding to make sales by them.

2. Section 1589 of the code is in these words : "All

persons engaged in selling by weights and measures shall apply to the ordinaries of their respective counties, and have their weights and measures so marked, and in default thereof shall not collect any account, note or other writing, the consideration of which is any commodity sold by their weights and measures." It was affirmatively proved in this case that the creditor sold by his weights and measures, and that they were not marked as required. That this was a good defence to so much of the action as sought a recovery for the price of the commodities so sold, there can be no doubt. It admits of grave question, however, whether such an infirmity as to a part of the consideration of the note and mortgage will vitiate the whole, or whether there may be a recovery for so much of the consideration as arose out of other dealings between the parties. This question was not passed upon by the superior court, nor was it argued here in a way to enable us to settle it satisfactorily without further argument. Section 2745 of the code declares that: "If the consideration be good in part and void in part, the promise will be sustained or not, according as it is entire or severable, as hereinafter prescribed. But if the consideration be illegal in whole or in part, the whole promise fails." Ought the consideration of a promissory note, in so far as it embraces the price of goods or commodities sold by unmarked weights and measures, to be treated as merely void, or should it be treated as illegal? If the former, the balance of the note would be collectible; if the latter, such balance would probably not be collectible by an action on the note itself, but only by an action upon the original promise or contract apart from the note. Some of the authorities which will serve to throw light on the subject are the following, the cases more specially applicable being these: Scott v. Gilmore, 3 Taunt. 226; Cotten v. McKenzie, 57 Miss. 418; Sheerman v. Thomp-

son, 11 Ad. & El. 1027; Sawyer v. Smith, 109 Mass. 220; Eaton v. Kegan, 114 Mass. 433; Wheeler v. Russell, 17 Mass. 258; Miller v. Post, 1 Allen, 434; Hewes v. Platts, 12 Gray, 143; Spencer v. Smith, 3 Camp. 9. On the general subject, see Tiedeman on Com. Paper, §179; 2 Randolph on Com. Paper, §537; 1 Daniel on Neg. Instr. §204; Wood's Byles on Bills, p. *146; Bennett's Benj. on Sales, §538; Pollock on Contracts, p. 321; 1 Addison on Contracts, §300; In re Stowe, 6 N. B. R. 429; Corbett v. Woodward, 5 Sawy. 404; Feldman v. Gamble, 26 N. J. Eq. 494; Chandler v. Johnson, 39 Ga. 85; O'Byrne v. Savannah, 41 Ga. 331; Taliaferro v. Moffett, 54 Ga. 150; Allen v. Pearce, 84 Ga. 606; Bishop v. Palmer, 146 Mass. 469, 4 Am. St. Rep. 339.

3. A married woman cannot make any valid contract of suretyship, but she can enter into an original undertaking to pay for goods bought on her own credit for the use of her son. Freeman v. Coleman, 86 Ga. 590, 12 S. E. Rep. 1064. Her separate note and mortgage would be prima facie, but not conclusive, evidence that her relation to the debt is that of a principal and not that of a surety.

4. There surely can be no doubt that a witness may refresh his memory by a memorandum taken from his books, if after so refreshing it he can and does testify to the facts from his own recollection.

The court erred in not granting a new trial.

*Judgment reversed.*