TRAMMELL *v.* SWIFT FERTILIZER WORKS, for use, etc.

1. If the fact of suretyship does not appear on the face of a note, it may be proved by parol; and the relative position of the makers' names is immaterial, if one is surety of the other. A charge to this effect is not erroneous because the court failed to add that as a presumption of fact the first name was that of the principal.
2. The law controlling the issues made by the pleadings was fairly charged by the court; the evidence fully warranted the verdict, and no reason is shown for disturbing the judgment denying a new trial.

Submitted December 14, 1904. — Decided January 28, 1905.

Complaint on note. Before Judge Littlejohn. Stewart superior court. June 16, 1904.

*B. F. Harrell* and *G. Y. Harrell,* for plaintiff in error.
*E. T. Hickey, J. T. Harrison,* and *Tomlinson Fort,* contra.

EVANS, J. The Swift Fertilizer Works, for the use of Carter & Patterson, brought suit against H. N. Bailey and D. O. Trammell, to recover an amount alleged to be due on a promissory note, a copy of which was attached to the petition. The note contained a promise to pay the Swift Fertilizer Works $162.75, and recited that "The payment of this note is secured by a lien to the extent of said advance on all the crops which may be grown or cultivated

on said farm or plantation during the year 1901, wherever said crops, parts or part of them are to be found." It was signed by H. N. Bailey and D. O. Trammell as makers, and by J. E. Ware as a witness. There is nothing in the note indicating other than that the makers were liable as joint principals. Bailey filed no defense. Trammell pleaded that he signed the note as surety, and that he had given notice to the plaintiff to sue the principal, H. N. Bailey, which notice was disregarded by the plaintiff, and for that reason he was discharged from liability. At the trial no evidence was introduced to sustain this plea; but his plea was amended by alleging that the note which he signed as surety embraced a mortgage upon the crops of his principal, Bailey; that the payee had failed to have the instrument recorded or to make any effort to collect the note out of Bailey or the mortgaged property; that defendant's risk as surety had thus been increased, and he was no longer liable on the note. During the progress of the trial no question was raised as to the sufficiency of the mortgage clause in the instrument sued upon. The plaintiff contended that Bailey was the tenant of Trammell; that the consideration of the note was a quantity of fertilizer which had been sold to Trammell as landlord; and that credit had been extended on the faith of his signing the note as principal. The defendant Trammell introduced testimony tending to show that Bailey was his tenant and had made sufficient crops to pay off the note, but that the plaintiff had made no effort to collect the same; that he had signed the note only as surety; and that the payee had not recorded the instrument or taken any steps to enforce the mortgage lien on Bailey's crops. The jury found for the plaintiff the full amount of the note. Trammell made a motion for a new trial, which was overruled, and he excepted.

1. The main issue in the case was whether Trammell was a surety or a joint principal. Upon this issue the evidence was conflicting. The court fully submitted the issue to the jury, charging them, in substance, that where the fact of suretyship does not appear on the face of a note, it may be proved by parol and the relative positions of the makers' names is immaterial, if one really signed as surety for the other. Not only did the judge charge this principle of law in the abstract, but he also applied it to the facts developed by the evidence. Exception is taken to the

charge on the ground that it was argumentative, and deprived the defendant of the evidentiary value of the relative location of the names on the note, he having signed last. Where two persons sign a note, apparently as joint principals, and there is nothing in the note to indicate that one is surety for the other, the presumption of law is that both are liable as joint principals. This is not, of course, a conclusive presumption, but may be rebutted by parol. Civil Code, § 2984. It is immaterial in what order the names may appear on the note, if in point of fact one of the makers is liable only as surety. No presumption of law or of fact can arise, in a case where both sign apparently as joint principals, that the person who signed last was surety only. The burden was on the defendant Trammell to overcome by proof the presumption that, as indicated by the note itself, both he and Bailey signed the note as a principal, and the charge of the court was as favorable to Trammell as he had any right to expect.

2. There is nothing in the note confining the operation of the lien therein referred to, or indicating a purpose to limit it to the property of one only of the makers. No question was made before the court as to the validity of the lien. The case was tried as though the instrument was a note and mortgage. One of the contentions of the plaintiff was that the lien was as much upon the property of Trammell as it was upon the property of Bailey. The court submitted this contention to the jury, and instructed them that if the lien was intended to cover Trammell's crops, he would not be released because of the failure of the payee to place the note upon record; but, on the other hand, if the mortgage was upon the crop of Bailey only, it was the duty of the payee to place the instrument on record, and if the payee failed to do so and the jury should find that Trammell signed as surety, such failure would operate to release him. Of this charge Trammell has no just cause of complaint. The issue as to whether or not he signed as surety was fully and fairly submitted to the jury; and the jury were instructed that if the lien was intended to cover Bailey's crops only, a failure to record the mortgage would release Trammell as surety, if he signed the note in that capacity. The jury found against Trammell on this issue, and the evidence fully warranted their finding.

In one of his exceptions the plaintiff in error complains that

the court in its charge submitted to the jury the question whether or not the clause in the note sued on, relating to a lien on crops of the makers, amounted to a mortgage. In a note the judge certifies that he did not submit that question to the jury, but only called on them to determine whether the mortgage operated on the crops of Bailey or on the crops of Trammell as well. This being true, we can not undertake to deal with the exception taken, the statement of fact on which it was based not being certified.

*Judgment affirmed. All the Justices concur.*