## BANK OF LUMPKIN COUNTY *v.* JUSTUS *et al.*

FISH, C. J. 1. It is lawful to include in a promissory note the amount of interest at the legal rate, which will be due at its maturity, and to provide that the sum represented by the principal and such interest shall bear interest at eight per cent. per annum from maturity.

*McCrary* v. *Woodward,* 122 *Ga.* 793 (50 S. E. 941). But if the amount of interest so included in the note exceeds the legal rate, as provided in the Civil Code, § 3436, and is inserted in the note by the lender for the purpose of evading the laws against usury, the instrument will be usurious. *Bellerby* v. *Goodwyn,* 112 *Ga.* 306 (37 S. E. 376; *Loganville Banking Co.* v. *Forrester,* 143 *Ga.* 302 (84 S. E. 961, L. R. A. 1915D, 1195).

2. Where two or more persons sign a note apparently as joint principals, and there is ·nothing in the instrument indicating that some of the makers are principals and others sureties, the presumption of law is that all are joint principals. This presumption, however, may be rebutted, and in an action by the payee against all the makers as joint principals it may be shown by parol evidence that some of the makers are sureties for others, the burden being on those setting up suretyship to establish it; and where they claim to be discharged by some act increasing their risk as sureties, they must further show that the payee knew they were sureties at the time of the occurrence of such act. *Bank of St. Marys* v. *Mumford,* 6 *Ga.* 44; *Higdon* v. *Bailey,* 26 *Ga.* 426; *McCarter* v. *Turner,* 49 *Ga.* 309; *Hall* v. *Capital Bank of Macon,* 71 *Ga.* 715; *Buck* v. *Bank,* 104 *Ga.* 660 (30 S. E. 872); *Trammell* v. *Swift Fertilizer Works,* 121 *Ga.* 778 (49 S. E. 739); *Williams* v. *Peoples Bank of Summit,* 9 *Ga. App.* 714 (72 S. E. 177).

3. Sureties who signed a note prior to the passage of the act of August 18, 1916 (Acts 1916, p. 48), limiting the penalty for usury, though the maturity of the note was subsequent to the passage of the act, and the note contained a waiver of homestead exemption, as well as concealed usury, the existence of which usury they were ignorant at the time they signed the instrument, were discharged from all liability therein, provided they made such defense at the proper time, · and in the proper manner. *Prather* v. *Smith,* 101 *Ga.* 283, 287 (28 S. E. 857), and cases cited.

4. The Civil Code, § 3556, provides that: "If the fact of suretyship does not appear on the face of the contract, it may be proved by parol, either before or after the judgment (the creditor not being delayed in his remedy by such collateral issue between the principal and his surety), if before judgment the surety shall give notice to the principal of his intention to make such proof." It is obvious from the language of this section that its provision as to notice applies solely to a collateral issue between the principal and his surety in which the creditor has no interest, and it is therefore no concern of his whether the surety, in a case covered by the statute, gives notice to his principal of his intention to make proof of his suretyship.

5. Applying the above rulings to the answer of the defendants in this case, and to the objections made to the evidence tending to sustain it, the judge did not err in refusing to strike the answer, and in overruling the objections to the evidence.

6. Though the evidence was contradictory, the jury was authorized to find in favor of the defendants pleading suretyship; that the note was

usurious; that the plaintiff, the payee in the note, intended to charge usury; that such defendants at the time they signed the note were ignorant of the usury in it; and that, under the law set forth in the preceding notes, they were discharged from all liability in the action.

7. The judge did not err in refusing to grant a new trial

*Judgment affirmed. All the Justices concur.*

No. 1567.  June 18, 1920.  Rehearing denied August 17, 1920.

Complaint — equitable amendment.  Before Judge Jones.  Union superior court.  June 14, 1919.

This case (a suit upon a note) was converted into an equitable action by an amendment to the petition, praying for reformation of the instrument sued on.

*W. S. Gaillard,* for plaintiff.

*Pat Haralson, T. S. Candler,* and *J. G. Collins,* for defendants.