## SEYMOUR v. BANK OF THOMASVILLE.

ATKINSON, J. 1. Where two or more persons sign a note apparently as joint principals, and there is nothing in the instrument indicating that some of the makers are principals and others sureties, in an action by the payee against all the makers as joint principals, one of the makers may plead that under an agreement resting entirely in parol, which was known to the payee at the time the note was signed, he was only a surety for the others; and that he was discharged from liability to the payee by an act of the payee, after execution of the note, which increased the risk of the surety. *Bank of St. Marys* v. *Mumford*, 6 *Ga.* 44; *Bank of Lumpkin County* v. *Justus*, 150 *Ga.* 286 (2) (103 S. E. 794), and cit.

(a) As will appear from the opinions delivered by Judges Warner and Lumpkin in *Bank of St. Marys* v. *Mumford*, supra, the ruling as to the effect of the parol agreement was predicated on the theory that such parol agreement did not vary the written contract.

(b) The decision in *Bank of St. Marys* v. *Mumford*, supra, by a divided court, distinguished the earlier cases of *Stubbs* v. *Goodall*, 4 *Ga.* 106, and *Collins* v. *Everett*, 4 *Ga.* 266, and construed and applied the act of December 20, 1826 (Acts 1826, p. 99), now Civil Code (1910), § 3556, and the acts of December 26, 1826, and December 26, 1831 (Acts 1826, p. 38, and Acts 1831, p. 136), now Civil Code (1910), § 3546. And the ruling by the majority was cited and followed in the decision in *Bank of Lumpkin County* v. *Justus*, supra, concurred in by all the Justices, and is binding as a precedent upon this court.

2. As a necessary corollary to the ruling announced in the preceding note, a surety of the character therein mentioned is not limited by the provi-

sions of the Civil Code (1910), § 3556, to relief over against his principal after payment of the debt; nor in a suit by the payee, where the apparent maker pleads that he is surety only and alleges grounds of discharge of liability to the payee, have the provisions of the Civil Code (1910), § 3556, prescribing notice to the principal, any application to such defense.

3. The ruling announced in the first note is predicated on the theory that the parol agreement does not change the character of the written contract, and hence would not be different if it should appear that the subsequent acts complained of consisted in failure of the payee to comply with a parol promise made to the surety at the time the instrument was signed, but not embodied in the instrument nor alleged to have been omitted therefrom by fraud, accident, or mistake.

4. Where a note of the character mentioned in the first division is executed, and a contemporaneous mortgage is given by the principal to secure the indebtedness represented by the note, it is the duty of the payee to record the mortgage. Failure to record the mortgage will increase the risk of the surety and operate to discharge him, unless it is affirmatively shown that the omission to record the mortgage did not injure the surety. Civil Code (1910), § 3544; *Toomer* v. *Dickerson*, 37 *Ga.* 428; *Phillips* v. *Bridges*, 144 *Ga.* 703 (87·S. E. 1059).

*All the Justices concur.*

No. 3607. December 13, 1923.

The following questions were certified by the Court of Appeals (in Case No. 13615) as necessary to a proper decision of the case.

"1.   In a suit by the payee of a promissory note, against two or more signers, where on the face of the instrument all have apparently signed it as makers, is it permissible for one of the signers to defeat the plaintiff's action against him by pleading, so as to prove merely by parol, that his true relationship to the contract was that of surety only, and that, such fact being known to the payee at the time the instrument was signed, he has become discharged from his obligation as such, on account of the subsequent acts and conduct of the plaintiff payee in increasing his risk and exposing him to greater liability; or is the rule that the rights of one who is in fact a surety, but whose suretyship does not appear on the face of the contract, to prove such fact by parol, are limited by the provisions of section 3556 of the Civil Code (1910), and that his rights as there established pertain and refer only to subrogation over against the principal, upon notice being given him as there prescribed?  See *Buck* v. *Bank of the State of Ga.*, 104 *Ga.* 660 (30 S. E. 872); *Whitley* v. *Hudson*, 114 *Ga.* 668 (3), 671 (40 S. E. 838); *Trammell* v. *Swift Fertilizer Works*, 121 *Ga.* 778 (1), 780 (49 S. E. 739); *Phillips* v. *Bridges*, 144 *Ga.* 703,

704 (87 S. E. 1059) ; *Hill* v. *Driskell,* 15 *Ga. App.* 458 (1), 459 (83 S. E. 859).

"2. If it should be answered that such a surety has the right to plead his suretyship as against the payee and to prove such fact by parol, is the provision of said code section prescribing notice to the principal applicable in such a case?

"3. In the event that the first portion of question number 1 should be answered in the affirmative,—that is to say, that it is permissible for such a signer of a promissory note to show that he is in fact a surety, in order to set up a discharge as against the payee,—would the rule be different in the event that it should appear that the payee's subsequent conduct complained of is alleged to consist in the failure of the payee to comply with a parol promise made to the surety at the time the instrument was signed, but which was not embodied in the instrument, nor alleged to have been omitted therefrom by fraud, accident, or mistake?

"4. In the event that the preceding question number 3 should be answered in the affirmative, would the fact that such contemporaneous oral promise as made by the payee consists of an agreement to perform a legal duty resting upon the payee, independently of any such actual contemporaneous oral promise, alter the case, so as to permit the surety to set up the fact of suretyship, and also to set up his discharge, either (a) by proof of such oral agreement and the breach thereof, or (b) without proof of any such oral agreement, but solely by virtue of the breach of such legal obligation?

"5. (a) Is it a duty owing by the payee to a surety to record a contemporaneous mortgage given by the principal to secure the indebtedness represented by a note made by the principal and the surety? (b) If such duty exists, does the failure to comply therewith discharge the surety as a matter of law? (c) Or is it the rule that, in order to work such a discharge, actual loss to the surety must be pleaded and shown?"

*J. E. Craigmiles,* for plaintiff in error.

*Titus & Dekle,* contra.