*Dobbs & Barrett,* contra.

---

### 15151.  KENIMER v. HENDERSON.

In the instructions of the court as to the law applicable where a married woman, who is sued upon a promissory note signed by her husband and herself apparently as joint principals, sets up the defense that the contract on her part was one of suretyship for her husband, there was no error prejudicial to the defendant.

Under the provision in the note for the annual compounding of interest in case of nonpayment (which clause is not attacked), the verdict for the plaintiff was less than he was entitled to.

　　　　　　DECIDED APRIL 24, 1924.

Certiorari; from White superior court—Judge J. B. Jones. October 11, 1923.

*B. P. Gaillard Jr.,* for plaintiff in error.

*A. J. Henderson, C. H. Edwards, E. D. Kenyon,* contra.

JENKINS, P. J. 1. "Where two persons sign a note, apparently as joint principals, and there is nothing in the note to show that one is surety for the other, the presumption of law is that both are liable as joint principals. This is not, however, a conclusive presumption, and may be rebutted by parol evidence, or by circumstances." *Williams* v. *Peoples Bank,* 9 *Ga. App.* 714 (1) (72 S. E. 177). This rule applies when one of the signers is a married

woman. *Gunn* v. *Wilson Co.,* 20 *Ga. App.* 14 (1) (92 S. E. 721).

2. "Where the creditor, at the time a debt is created, really intends in good faith to extend the credit to the wife, and not to the husband, and the consideration of the loan passes legally and morally from the creditor to the wife, and where the writings then executed are such as purport to bind her for the debt as her own, then, whatever may be the private understanding between the wife and the husband, in which the creditor is not concerned and in which he has no interest, as to the disposition by the wife of the proceeds of the loan so received by her, the writings are to be treated as embracing the true substance of the contract. Nor does it matter in such case that the negotiations relating to the loan are in fact all had through the husband, where the transaction appears to be the bona ·fide and voluntary contract of the wife." *Longley* v. *Bank of Parrott,* 19 *Ga. App.* 701 (1 *b*) (92 S. E. 232).

3. In the instant case the note was signed by the husband and by the wife apparently as joint principals. Under the contentions and evidence of the defendant wife, the husband alone made the contract as principal with the plaintiff payee of the note, and received all of the consideration money, she herself signing the note afterwards as surety at the request of her husband, and the husband afterwards using the money or a part thereof for the purchase of an automobile, for which he alone contracted, but which thereafter became their property as owners in common. Under the evidence of the plaintiff, the note was signed by both husband and wife at the same time in his presence, the consideration money was loaned to the wife and on her credit, and she alone received the proceeds of the loan, with which she purchased the car in question, which car she claimed as her property, and which in a subsequent settlement on the separation of the husband and wife was treated as hers. Under this testimony, a verdict for the plaintiff against the wife was authorized; and the court did not err in charging in substance that before a contract of suretyship or the assumption of a husband's debt by a wife would be unenforceable, the plaintiff creditor should have knowledge or notice thereof. See also *Jones* v. *Fourth National Bank,* 20 *Ga. App.* 219 (2) (92 S. E. 964).

4. The court charged as follows: "If you believe from the evidence that" the defendant "at the time of the execution of the

note sued on was a married woman, and that she merely signed the note as surety and did not receive the consideration, and was only surety, then the contract would be void as to her, and the plaintiff could not recover against her;" to which exception was taken: "because a woman who signs a note as surety may receive the benefit of the property bought with money realized on a note, and not be bound on her contract of suretyship; because this instruction limited the jury to the sole question as to whether the wife got any benefit from the consideration of the note, the contention of" the wife "being that she did not get the money, and that her husband contracted for and paid for the automobile which it is claimed the money went to buy; because this charge assumes that" the wife "signed the note at the date of the execution of the same by her husband, it being one of the earnest contentions of" the wife "that she did not sign said note until days after its execution by her husband, and said charge amounts to an expression of opinion that" the wife "signed said note at the time her husband signed it." The court both immediately preceding and immediately following the excerpt in question correctly charged the jury the law relating to a wife's suretyship and assumption of her husband's debts, and that if the jury believed from the evidence that the defendant wife "was surety in this case, or that the signing of the contract sued on was an effort on her part to assume the debt of her husband, and that was known to the plaintiff at the time of the execution of the note sued on, then in that event plaintiff could not recover against the defendant" wife, and "in that event your finding would be against" the husband "only;" and that "this would be true even though the husband allowed the wife to take the consideration of the note later." The excerpt from the charge is thus free from error prejudicial to the defendant, especially so in view of her particular contention and evidence that the husband alone received the consideration, and she received no part thereof, and that her contract was only one of surety. Nor does the expression, "if you believe from the evidence that" the defendant "at the time of the execution of the note sued on was a married woman," amount to an expression of an opinion that the instrument was signed by her at the same time that it was signed by the husband.

5. The jury on December 5, 1922, found a verdict for the

plaintiff against both husband and wife for $1,000 principal, $377.21 interest to date of verdict, and $137.21 attorney's fees. The note in question was due twelve months after date, and bore "interest from date at 8 per cent. per annum, payable annually, and if not so paid, then to become a part of the principal and draw the contract rate of interest." There was a credit of $50, paid December 1, 1920. The defendant wife excepts to the amounts of interest and attorney's fees so far as they exceed $316.22 interest and $131.60 attorney's fees. The superior-court judge, in overruling the certiorari and entering judgment on the certiorari bond, reduced the amounts to $364.12 interest and $136.91 attorney's fees. The calculation of the plaintiff in error apparently fails to take into account the provision in the note for the annual compounding of interest in case of nonpayment, which clause is in no wise attacked. Under this provision, the amounts found by the superior court appear less by a few dollars than the amounts to which plaintiff was entitled.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*