15896.   CHESHIRE *v.* HIGHTOWER.

JENKINS, P. J. 1. "The form of the contract is immaterial, provided
the fact of suretyship exists." Civil Code (1910), §§ 3541, 3556.
Thus, one who signs a note with another apparently as a joint prin-
cipal may in an action by the payee plead and prove that he had no
interest in the paper and was only surety for the accommodation of
the other and principal signer, and that the plaintiff took the note
with knowledge of such facts. *Seymour* v. *Bank of Thomasville*, 157
*Ga.* 99 (1) (121 S. E. 578); *Hall* v. *Capital Bank of Macon*, 71 *Ga.*
715; *Buck* v. *Bank of State of Ga.*, 104 *Ga.* 660, 663 (30 S. E. 872);
*Hall* v. *Rogers*, 114 *Ga.* 357 (1) (40 S. E. 250); *Trammell* v. *Swift
Fertilizer Works*, 121 *Ga.* 778 (1) (49 S. E. 739); *Williams* v. *Peoples
Bank*, 9 *Ga. App.* 714 (72 S. E. 177); *McKibben* v. *Fourth Nat. Bank*,

32 *Ga. App.* 222, 223 (122 S. E. 891); *McKibben* v. *Luther Williams Bkg. Co.*, 32 *Ga. App.* 419, 425 (123 S. E. 726); *Kenimer* v. *Henderson*, 32 *Ga. App.* 203 (122 S. E. 820). Under such circumstances the fact that the payee of the note might have been induced to make the loan on the faith of the surety's credit, rather than upon that of the principal debtor, would not alter the rule. *Cordray* v. *James*, 19 *Ga. App.* 156 (1, 2) (91 S. E. 239).

2. "Where a note of the character mentioned in the first division is executed, and a contemporaneous mortgage is given by the principal to secure the indebtedness represented by the note, it is the duty of the payee to record the mortgage. Failure to record the mortgage will increase the risk of the surety and operate to discharge him, unless it is affirmatively shown that the omission to record the mortgage did not injure the surety." *Seymour* v. *Bank of Thomasville*, 157 *Ga.* 99 (4) (121 S. E. 578); *Cloud* v. *Scarborough*, 3 *Ga. App.* 7 (3) (59 S. E. 202); *Cordele Grocery Co.* v. *Thigpen*, 4 *Ga. App.* 643 (62 S. E. 97).

3. But where it appears that, more than two years after the maturity of the note, the defendant surety, at his own request, was substituted for the original surety, under an agreement whereby he was to "sign the note in [the original surety's] place," and where it appears that the mortgage given at the time the note was originally executed had been withheld from record with the knowledge and consent of the original surety, the substituted surety is not entitled to claim a discharge by reason of the mortgagee's failure to record, on the theory that it increased the risk, since the giving of the mortgage was not "contemporaneous" or "simultaneous" with the assumption of liability by the new surety, and, in the absence of any fraud or deceit on the part of the plaintiff payee and mortgagee, such surety in signing the mortgage note at the instigation and for the benefit of the original surety is conclusively presumed to have been aware of the fact that it had thus remained unrecorded, and therefore could not be taken to have signed it because of the perfected lien created by the mortgage; and, under such circumstances, his offer to sign "in the place of" the original surety must be taken as an offer to assume liability on the instrument as it in fact existed. The judge did not err in directing a verdict in favor of the plaintiff and against the defendant's plea of discharge.        *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 18, 1925.

Complaint; from city court of Blakely—Judge Gray. August 19, 1924.

*Lowrey Slone,* for plaintiff in error.

*Glessner & Collins,* contra.