## 20645. TUGGLE *v.* DUKE.

DECIDED FEBRUARY 13, 1931.

*Thomas W. Jones,* for plaintiff in error.  *G. H. Cornwell,* contra.

JENKINS, P. J.  1.  While a married woman may not contract a debt of suretyship that will bind her, she may, as an original undertaker, become liable for goods ·furnished from which she derives no benefit.  *Freeman* v. *Coleman,* 86 *Ga.* 590 (12 S. E. 1064). In the instant suit on notes given for the purchase-price of a stock of merchandise there was evidence authorizing a finding that the defendant, a married woman, had become the purchaser of the property for which the notes were given, the plaintiff testifying, without objection, that he sold the property to the defendant, and the evidence disclosing that the defendant had executed to the plaintiff a loan deed to other property owned by her as security for the debt.  The attorney who prepared the papers testified that it was his "understanding" that the defendant was buying the property for her son, that such was the "understanding" he "had with all of them."  In view of the evidence, the judge of the municipal

court was authorized to find that the defendant, who testified that she was married but had been separated from her husband about twenty-four years, had become the purchaser of the property, and had executed the notes sued upon, not as surety for her son, but as an original·undertaking on her own part.   See, in this connection, *Bull* v. *Carpenter, 32 Ga. App.* 637, 640 (131 S. E. 91).

2.   "Declarations of an alleged agent are not by themselves admissible to prove agency, but it may also be established by proving circumstances, apparent relations, and the conduct of the parties; and where the extraneous circumstances, independently of and without regard to the declarations of the agent himself, clearly tend to establish the fact of his agency, his declarations, though inadmissible if standing alone, may, as a part of the res gestæ of the transaction, be considered."   *Collier* v. *Schoenberg, 26 Ga. App.* 496 (106 S. E. 581).   In the instant case, just as in *Georgia Land Co.* v. *Davis, 28 Ga. App.* 398 (111 S. E. 219), the record discloses certain direct and positive evidence, as well as facts and circumstances, including the defendant's consummation in writing of the trade negotiated by the alleged agent, by execution of the purchase-money notes and a deed to other property to secure the same, under which the declaration of the alleged agent was admissible, and from which the court was fully authorized to find such agency.

3.   The judge of the superior court did not err in overruling the petition for certiorari.

   *Judgment affirmed.   Stephens and Bell, JJ., concur.*