23997. LOVELADY *et al. v.* MOSS.

DECIDED FEBRUARY 6, 1935. REHEARING DENIED MARCH 2, 1935.

*Howell Brooke,* for plaintiffs in error.

*J. A. McFarland, E. M. McCanless,* contra.

MACINTYRE, J. Moss brought suit on a promissory note signed by A. J. Lovelady, Mrs. Cleo Lovelady, and A. J. Lovelady Jr. A J. Lovelady filed a plea of discharge in bankruptcy, which was sustained. The note was apparently signed by all parties as joint makers. Mrs. Cleo Lovelady filed a plea setting up that she had signed the note as surety for her husband, and that the note was therefore void as to her. A. J. Lovelady Jr. filed a plea setting up that he signed the note as surety for his father. The jury returned a verdict in favor of the plaintiff and against the two remaining defendants, and against their pleas of suretyship. Each of these defendants moved for a new trial. The motion was overruled, and they excepted.

1. The court did not err in charging the jury: "In that connection I charge you that the wife is a feme sole as to her separate estate. Every restriction upon her power in it must be complied with. And while the wife may contract, she can not bind her separate estate by any contract of suretyship. I charge you that while a married woman may not contract a debt of suretyship that will bind her, she may as an original undertaking become liable for money furnished to another from which she received no personal benefit." *Freeman* v. *Coleman,* 86 *Ga.* 590 (12 S. E. 1064) ; *Hester* v. *Dreyer,* 19 *Ga. App.* 816 (92 S. E. 299) ; *Villa Rica Lumber Co.* v. *Paratain,* 92 *Ga.* 370 (17 S. E. 340) ; *Montgomery* v. *Padgett,* 38 *Ga. App.* 389, 392 (144 S. E. 41) ; *Tuggle* v. *Duke,* 42 *Ga. App.* 634 (157 S. E. 224). The fact that Mrs. Cleo Lovelady signed the note as an apparent maker is prima facie, but not conclusive, evidence that her relation to the debt is that of a principal and not that of a surety. *Finch* v. *Barclay,* 87 *Ga.* 393 (3), 397 (13 S. E. 566).

2. The court charged the jury that the burden of proving that

the wife signed as surety for her husband, instead of maker or joint principal as appeared from the note, was on the defendant wife, and also of proving that the plaintiff knew that the wife was signing as surety instead of principal or joint maker. This charge was not error for any of the reasons assigned, but stated a correct applicable principle of law.

(*a*) Where two persons sign a note, apparently as joint principals, and there is nothing in the note to show that one is surety for the other, the presumption is that both are liable ·as joint principals. This is not, however, a conclusive presumption, and may be rebutted by parol evidence, or by circumstances. *Williams* v. *Peoples Bank,* 9 *Ga. App.* 714 (72 S. E. 177). This rule applies when one of the signers is a married woman. *Gunn* v. *Wilson,* 20 *Ga. App.* 14 (92 S. E. 721).

(*b*) Where the wife signs the note as an apparent principal, the burden is on her to prove that she signed as surety only, and that the payee of the note, with knowledge of the facts which would constitute her a surety, contracted with her as a surety. Civil Code (1910), § 3556; *Bank of Lumpkin County* v. *Justus,* 150 *Ga.* 286 (103 S. E. 794), and cit.; *Kenimer* v. *Henderson,* 32 *Ga. App.* 203 (122 S. E. 820); *Tuck* v. *Kellum,* 36 *Ga. App.* 465 (137 S. E. 102); *Bennett* v. *Danforth,* 36 *Ga. App.* 466 (137 S. E. 285).

3. The plaintiff contended on the trial of this case that Mrs. Lovelady was the principal, and that A. J. Lovelady and A. J. Lovelady Jr. were sureties for her. Mrs. Lovelady and her son A. J. Lovelady Jr. filed separate pleas setting up·that they signed the note as sureties. The jury found against the pleas of these defendants, and judgment was entered against them as principals. Under the undisputed evidence, A. J. Lovelady Jr. was a surety for some one, the plaintiff contending that he was surety for his mother, and he contending that he was surety for his father, A. J. Lovelady Sr. A. J. Lovelady Jr. concedes that judgment against him should be rendered, but only as a surety. Proof of suretyship may be made to appear after judgment is obtained, provided the creditor is not delayed. See Civil Code (1910), § 3556, and *Ryle* v. *Farmers & Merchants Bank,* 33 *Ga. App.* 459, 461 (127 S. E. 233). Therefore the judgment against A. J. Lovelady Jr. is affirmed on condition that the plaintiff, before the remittitur from this court is made the judgment of the trial court, shall amend the judgment

so as to make it against A. J. Lovelady Jr. as surety; otherwise a new trial will be awarded A. J. Lovelady Jr. The verdict against Mrs. Cleo Lovelady was amply authorized by the evidence; and that finding having been approved by the trial judge, this court is without authority to interfere.

*Judgment against Mrs. Cleo Lovelady affirmed; judgment against A. J. Lovelady Jr. affirmed on condition. Broyles, C. J., and Guerry, J., concur.*