HEARD *v.* TAPPAN & MERRITT, and *vice versa.*

1. The principal and surety in a promissory note, being joint and several promisors, may be sued in the county of the residence of either.

2. The evidence being conflicting as to whether any alteration had been made in the note which was the basis of the action, the trial judge committed no error in refusing to exclude the same from the jury. The question as to whether there had or had not been an alteration was one for the determination of the jury.

3. There was no error in ruling out oral evidence which tended to vary the terms of the written contract.

4. The question of the materiality of an alteration alleged to have been made in a written instrument is a question of law to be determined by the court, while the question whether such instrument has been altered is a question of fact to be determined by the jury. The trial judge erred in submitting to the jury whether the alteration claimed to have been made in the note was a material one.

5. The verdict rendered included a named amount for attorney's fees, which were not claimed in the petition. As to the amount so found such verdict was not authorized.

6. The other grounds of the motion not specifically mentioned do not disclose that error was committed by the presiding judge.

7. No error was committed in overruling the demurrer to the amended plea.

Argued November 21, 1902.—Decided January 10, 1903.

Complaint. Before Judge Hart. Greene superior court. March 19, 1902.

*James B. Park*, for Heard.
*Joseph P. Brown* and *George A. Merritt*, contra.

LITTLE, J. Tappan & Merritt instituted an action in the county court of Greene county against Ashley, of Montgomery county, as principal, and Heard, of Greene county, as security, to recover the principal and interest alleged to be due on a certain instrument in writing which was shown to be in the following words and form:

"Bill of Sale. Georgia, Greene County. $475.00. On November 1st, 1899, we promise to pay Tappan & Merritt, or order, the sum of four hundred and seventy-five dollars, with interest from date at 8 per cent. per annum, together with all costs of collection, including 10 per cent. attorney's fees, said fee being recoverable in accordance with the provisions of the laws of said State; for value received. Each of us hereby waives all right to homestead or exemption for ourselves and families on any property we or either of us now own or may hereafter acquire, as against

the payment of this debt, as fully as we are authorized to do under the laws of said State. In order to secure the payment of said sum with interest, cost of collection, and attorney's fees aforesaid, we hereby sell and convey to said payee, his heirs and assigns, the following property, to wit: One tract of land northeast of White Plains, containing about six acres, bounded on the north by lands of R. Tappan, on west by lands of R. Tappan, on the south by J. R. Marchman's land; on the east by W. P. & U. P. R. R. On the above-described lot is a four-room house. All our crop of corn planted on about (25) twenty-five acres of land, planted and growing on lands of J. A. Ashley, thirteen acres and twelve acres of R. Tappan adjoining land of J. A. Ashley. [Ten cent I. R. stamp, duly cancelled by J. A. Ashley.] This is not to affect the papers now held against us by said payee, but is for money, supplies, etc., furnished and to be furnished us the present year, and also additional security for the amounts now due by us to said payee, as appears from his books of account and papers held by said payee against us, amounting at this date to $325.00. Should any of said property die or be destroyed, we agree to stand the loss. Said property is now in our possession in said county and State; and we have the right to convey the same; and it is unencumbered by any lien or any other claim whatever, except . . . . . . . This instrument is understood and intended to be an absolute conveyance of said property to the payee, his heirs and assigns; the title to which is hereby warranted to said payee, his heirs and assigns, who have a right to bring and maintain trover or bail-trover for said property, without any demand upon us, upon default on our part in the payment of said debt or any part thereof. Witness our hand and seal, this 28th day of April, 1899.

[Signed] J. A. Ashley (L. S.)　　Columbus Heard, sec. (L. S.)

Signed, sealed, and delivered in the presence of

[Signed] W. M. Williams.　J. W. Reynolds, Justice of the Peace."

This case was appealed by consent to the superior court of Greene county. The petition set out the obligation of the defendants separate and distinct from that part of the instrument which conveys to the payees the real and personal property described in the instrument as security for the amounts contracted to be paid. The principal debtor filed no plea to the action. Heard, the security, interposed, as a defense to a recovery against him, a denial of

the allegations charging that he was indebted to the plaintiffs. He further set up that the figures 325 and the dollar mark in the 27th line of the note were inserted in the same without his knowledge or consent; and that plaintiffs had received the property described in the note, or the proceeds of the same, from the principal debtor Ashley, and that the same was sufficient to pay off and discharge the amount promised to be paid in said contract. There was evidence for the plaintiffs to the following effect: The instrument in writing was prepared by the plaintiffs and given to the defendant Ashley, to procure the signature of Heard as security. The plaintiffs did not see either Ashley, Heard, or the subscribing witnesses sign the same, but Ashley returned the note to the firm as it now appears. The land described in the note was sold at sheriff's sale under an execution in favor of other creditors of the principal, and was purchased by one of the members of the firm for the sum of $5. It was, however, worth $40. The plaintiffs expressed a willingness to have that sum credited on the note. The instrument was never changed or altered, but was in the same form when it was delivered to Ashley as it now is, and the figures and mark $325 were written in the note before it was executed. Ashley was not the agent of the plaintiffs to procure the signature of Heard, but Ashley himself proposed to make a note to the firm, with Heard as security, for a valuable consideration, which he (Ashley) received. The signature of Heard to the note was his genuine signature. Williams, one of the subscribing witnesses to the instrument, testified as to the genuineness of his own signature, but said he did not see Heard sign the same, nor did Heard authorize him to witness his signature, and he was not present at the time Heard signed it. Reynolds, whose name appears as the officer before whom the instrument was executed, testified that his signature was genuine, but that he was not present when Heard signed the same, and did not see him sign it, and did not know that he did sign it. Heard never authorized him to witness his signature, but Ashley acknowledged his signature before him. It was further shown that the note was entitled to an additional credit of $17.50, from the sale of the crops designated in the note. Heard testified in his own behalf that the signature to the note resembled his handwriting; that the figures 325 and the dollar mark attached were not in the note when he signed it, and had they been inserted he would

not have signed it; that he never signed any note as security, with Ashley as principal, payable to the plaintiffs, in the presence of Williams or Reynolds; that he never authorized those persons to witness his signature, and had never ratified the same; that he had at his home signed a note at Ashley's request. Judgment by default was taken against Ashley, and the jury returned a verdict in favor of the plaintiffs against Heard for $376.25 principal, besides interest, attorney's fees, and costs. Heard made a motion for a new trial, which was overruled, and he excepted.

1. The first error assigned in the bill of exceptions is the refusal of the trial judge to dismiss the petition for want of legal service on the principal, Ashley; it being contended that, as the petition showed that the principal was not a resident of Greene county, but of Tattnall county, the suit would have to be brought in the county of the residence of the principal, and not in that of the residence of the surety. There is no merit in this contention. The contract of suretyship is that whereby one obligates himself to pay the debt of another, in consideration of indulgence, etc., the principal remaining bound therefor. Civil Code, § 2966. The principal and surety to a promissory note are joint and several promisors, and joint promisors may be sued in the county of the residence of either. *White* v. *Hart*, 35 *Ga.* 269. It was shown in this case that service was perfected on the principal in Telfair county, and that a judgment by default was taken against him in the present action.

2. One ground of the motion alleges that the trial judge committed error in refusing to rule out the note which was the foundation of the action, on motion of counsel for Heard, the security, because the evidence for the plaintiff showed that the note had been materially altered after the security had signed the same, and that it was irrelevant. The alteration complained of by the answer of the defendant was the addition of the figures 325 with the dollar mark. We are of opinion that if such alteration had been made, it was a material alteration; but as to whether it had or had not been made the evidence was conflicting. The witnesses for the plaintiff testified that the figures and mark were in the original note at the time it was signed by the security. The evidence of Heard was positive to the effect that the figures and mark were not in the instrument when he executed it. It was therefore a question

of fact to be decided by the jury, whether or not any alteration had been made; and the determination of this fact by them should have been passed on in their general finding. Had the trial judge ruled out the note which was the basis of the action, it would in effect have been determining the fact that the note had been altered. It was not his province to determine this, but that of the jury; and he committed no error in refusing to exclude the note from the evidence submitted to the jury.

3. Another ground of the motion avers that the court erred in ruling out certain evidence of the security, to the effect that he signed the note with the understanding that the plaintiffs were to advance the cash to Ashley to take up two notes, one to Alexander & Alexander, and the other to Davison & Fargo, given by Ashley as principal and Heard as security; that he signed for no other purpose; and that this was known and assented to by Ashley. The exclusion of this evidence does not appear to have been error. The note signed by the surety recited that it was given for money, supplies, etc., furnished. The effect of the offered evidence would have been to vary the terms of written contract, which is not permissible.

4. Another ground of the motion assigns error in that the trial judge refused to instruct the jury whether the alteration testified to by certain of the witnesses was a material alteration, but left that fact to be determined by the jury. This ground is certified by the trial judge to be true, and so accepting it, it is error. The Civil Code, § 3703, declares that the materiality of an alteration in an instrument is a question to be decided by the court, while the fact of an alteration is a question for the jury; and the jury should have been instructed accordingly.

5. Another ground of the motion complains that the verdict is contrary to law and the evidence. We find this is true in one particular. The petition sought only to recover the principal and interest due on the promissory note, and there was no count covering attorney's fees. The verdict as rendered found for the plaintiff not only a specified amount for principal and interest, but also the sum of $37.63 as attorney's fees. The verdict, therefore, is in excess of the amount claimed in the petition, by this last-named sum, and was not authorized.

6. Other than as above referred to, the grounds of the motion

do not disclose that any error was committed by the trial judge, which requires a reversal of the judgment. Other questions are argued in the brief of counsel for plaintiff in error, among them, that the addition of subscribing witnesses to the instrument after its execution by Heard, the security, was a material alteration; but no such matter was pleaded as a defense to the action, but the only alteration referred to the plea was that of the addition of the figures 325 and the dollar mark. This being so, the point, although made in the brief, will not be considered or passed on.

7. By a cross-bill of exceptions the plaintiffs in the court below assigned error on the action of the trial judge in overruling a demurrer to an amendment made by Heard, the security, to his original answer. This amendment is an allegation to the effect that after he, Heard, had signed the note as security, the figures 325 with the dollar mark were inserted in the 27th line of the note without his knowledge or consent. The demurrer to the amendment was based on several grounds in which we find no merit. The maker of an instrument is entitled to have his contract carried out according to the terms contained in the writing which expresses it at the time of its execution. And while such contract is not to be set aside because of an immaterial alteration in it, yet no one has a right to alter it after execution in any particular, material or immaterial; and if it be altered in a material particular, intentionally, by a person claiming a benefit under it, with intent to defraud, the effect is that the maker may avoid its terms. As heretofore intimated, we are of opinion that the alteration alleged to have been made would have been a material one if made after execution, because the effect of the addition of the figures in that part of the instrument where they occur is an admission on the part of the maker of the instrument that a particular amount — to wit, that expressed in the figures inserted — is an additional amount for which the signers of the instrument are liable. It is true that without these figures the undertaking is that the promise to pay shall be an additional security for the amounts due by the makers to the payee, as appears from his books of account and papers. While such books and papers would show what amount was due, the insertion of the figures would have the effect of dispensing with a reference to such books and papers, and would be an admission on the part of the makers that a specific amount —

to wit, that expressed by the figures — was the amount appearing at that time by the books and papers of the payee to be due by the makers.    There was no error in overruling the demurrer to the amended plea.

*Judgment on main bill of exceptions reversed; on cross-bill, affirmed.    All the Justices concurring, except Lumpkin, P. J., absent.*