### 16857. EXCHANGE BANK OF SAVANNAH *v.* HARPER.

STEPHENS, J. 1. A promissory note, signed by two parties as makers, which, in the body thereof, provides, "We promise to pay to the order of ourselves" a stipulated sum of money upon a certain date, etc., is a joint, and not a severable, obligation of the makers. This is true notwithstanding that elsewhere in the note certain waivers as to homestead, exemption, and bankruptcy, and as to notice of protest, are made by "each" party to the note, "whether maker, indorser, surety, guarantor or other party," and notwithstanding that the note provides that the bankruptcy or insolvency of "either of the parties" to the note will at the option of the holder operate to mature the note.

2. Although an instrument purporting to be a promissory note payable to "ourselves" does not become a note until indorsed and delivered by the makers, their indorsement does not operate to convert them into sureties or indorsers, and does not render the obligation severable.

3. The note sued on being a joint note, and the suit being against one of the makers only, a demurrer upon the ground of nonjoinder was properly sustained. *Graham* v. *Marks*, 95 *Ga.* 38 (21 S. E. 986).

    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

    DECIDED SEPTEMBER 29, 1926.

Complaint; from city court of Savannah—Judge Freeman. July 28, 1925.

*Lawrence & Abrahams,* for plaintiff.

*McIntire, Walsh & Bernstein,* for defendant.