## 21996.  SMITH v. MOORE.

DECIDED SEPTEMBER 21, 1932.

*W. V. Custer & Son,* for plaintiff in error.

*Hay & Gainey,* contra.

JENKINS, P. J.  This was a suit on a promissory note, brought against J. Herbert Smith.  He moved to dismiss the action, upon the ground that his comaker was not a party to the suit, and no reason was assigned why he was not made a party.  The court overruled the motion, and Smith excepted.  The instrument sued upon is in the following language:

"60.00                    Thomasville, Ga., Aug. 9, 1929.

"12 Mo. months after date the undersigned promise to pay to the order of H. M. Moore sixty dollars, dollars. For value received, payable at ——— with interest from ——————— payable ———————— until paid, at eight per cent. per annum, with all cost of collection including 10 per cent. attorney's fees if collected by law or through an attorney at law. Each of us, whether principal, security, guarantor, indorser, or other party hereto, hereby severally waives and renounces, each for himself and family, any and all homestead or exemption rights either of us or the family of either of us may have under or by virtue of the constitution or laws of Georgia or any other State or the United States, as against this debt or any renewal thereof; and each expressly waives exemption of garnishment of daily, weekly, or monthly wages. Each of us, whether principal, security, guarantor, indorser, or other party hereto, further waives demand, protest, and notice of demand, protest, and nonpayment. Upon default of interest this note becomes due at option of payee. Upon default of interest or principal, if this note should be one of a series of notes, each and every unpaid note of the series shall become due at option of payee. Given under the hand and seal of each party.

[Signed] J. R. Lanier (L. S.) J. Herbert Smith (L. S.)"

The question involves a determination of whether the note sued on is a joint note of Lanier and Smith, or a joint and several note. If the note is a joint obligation, under the decision by the Supreme Court in *Graham* v. *Marks,* 95 *Ga.* 38 (21 S. E. 986), the motion of the defendant to dismiss the action should have been sustained. If it is a joint and several obligation, the plaintiff was privileged to sue either one or both of the makers, and the motion to dismiss was properly overruled.

Counsel for the defendant in error rely upon *Reid* v. *Flippen,* 47 *Ga.* 273, where the obligation was in the language "We promise to pay," and the court said, "The note sued on is a joint and several note." In that case, however, some of the parties to the note had signed as joint makers, and others had signed as sureties only. The decision in the *Reid* case was evidently based upon the prior decision of the Supreme Court in *White* v. *Hart,* 35 *Ga.* 269. In that case one of the parties defendant had signed a promissory note as principal and the other as surety, and the court held that they were

joint and several obligors, and might be sued together in the county of the surety's residence. In the *White* case the obligation of the instrument was in the language, "I promise to pay," but the principle upon which the decision seems to rest is that the maker of a promissory note and the surety thereon are joint and several obligors, irrespective of the language of the obligation. This principle was restated and reaffirmed in *Heard* v. *Tappan,* 116 *Ga.* 930, 933 (43 S. E. 375). In that case the obligation of the instrument was in the language, "We promise to pay," and the note was signed by Ashley as maker and by Heard as security. It was ruled that the principal and the surety on the note were joint and several promisors, and might be sued in the county of the residence of either. The decision was based upon the *White* case, supra, and upon the provisions of the Civil Code (1910), § 3538, defining the contract of suretyship as that whereby one obligates himself "to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor." In *McMillan* v. *Heard National Bank,* 19 *Ga. App.* 148 (91 S. E. 235), an obligation in the form, "We promise to pay," but signed by one party as maker and indorsed by another as an accommodation indorser, was held to be a joint and several obligation, since the indorser was a mere surety (*Chandler* v. *Bank of Waynesboro,* 29 *Ga. App.* 5, 113 S. E. 25), the court in that case applying the principle stated in *Reid* v. *Flippen,* supra. The *McMillan* case was cited with approval by Mr. Justice Hines in *Burson* v. *Shields,* 160 *Ga.* 723, 730 (129 S. E. 22), the court in that case holding that under the ruling in *White* v. *Hart,* and *Heard* v. *Tappan,* supra, the makers and sureties on a promissory note are joint and several obligors. See also, in this connection, Civil Code (1910), §§ 3538, 3539, 3541, 3559; *Hunter* v. *Burson,* 168 *Ga.* 59 (5) (147 S. E. 53); *Crawford* v. *Citizens & Southern Bank,* 20 *Ga. App.* 576, 579 (96 S. E. 173); *Baggs* v. *Funderburke,* 11 *Ga. App.* 173 (74 S. E. 937); *Vandiver* v. *Third National Bank of Atlanta,* 15 *Ga. App.* 433 (83 S. E. 673). It thus seems that whatever may be the rule in other jurisdictions (Story on Promissory Notes, 61, § 57; 8 C. J. 68, § 67), under the Georgia statute and the decisions made in construing the same, where an obligation, joint in form, is executed by one party as principal and another as surety, they are to be deemed joint and several obligors, since

by the terms of the Georgia statute (Civil Code of 1910, § 3539) the obligation of the surety is accessory to that of the principal.

In the instant case, however, the parties to the instrument sued on did not sign as principal and surety; each signed as maker. Accordingly, the principle stated in *Reid* v. *Flippen,* supra, and the other cases hereinbefore cited which follow that case, can not have application. On its face the undertaking of the signatory parties to the note here sued on appears to be a joint one. The language is "the undersigned promise." The use of the plural verb indicates that more than one person is to sign the note, and that both of such persons are together making the promise. The general rule seems to be that a note signed by two or more persons as makers, and beginning, "We promise to pay," creates a joint obligation only. Daniel on Negotiable Instruments (6th ed.), § 94; Story on Promissory Notes, § 57; 8 C. J. 67, § 97. In *Elrod* v. *Camp,* 150 *Ga.* 48, 50 (102 S. E. 357), the principle stated in *Graham* v. *Marks,* supra, was reaffirmed. In that case the language of the note sued on is not stated, but a reference to the record shows that the promise was in the language, "We promise to pay," and that the note was signed by two persons as makers. It contained, just as the note in the instant case does, the usual waiver of homestead, using the language, "each of us . . waives and renounces." In *Exchange Bank* v. *Harper,* 35 *Ga. App.* 786 (134 S. E. 789), this court held that a note signed by two parties and beginning, "We promise to pay to ourselves" a stipulated sum of money, was a joint, and not a joint and several, obligation of the makers, and that this was true notwithstanding the instrument contained a waiver of homestead and exemption by "each" of the parties to the note. There is nothing in the uniform negotiable-instruments act of 1924 which changes the general rule stated above. The provision of § 17(7) of that act, that "where an instrument containing the words 'I promise to pay' is signed by two or more persons, they are deemed to be jointly and severally liable thereon," is but a statement of the general rule already of force in this State. *Booth* v. *Huff,* 116 *Ga.* 8 (42 S. E. 381, 94 Am. St. R. 98). Indeed, this provision of the statute, it would seem, necessarily excludes from its operation an instrument containing the words "we promise to pay," and signed by two or more persons as makers. The provision of section 68 of the negotiable-instruments act, that "joint payers

[payees] or joint indorsers [indorsees] who indorse are deemed to indorse jointly and severally," has reference to indorsers only, and not to joint makers. Ga. L. 1924, p. 140.

Under the decisions above cited, and under the rulings in *Graham* v. *Marks,* *Elrod* v. *Camp,* and *Exchange Bank* v. *Harper,* supra, we think the court erred in overruling the motion to dismiss.

*Judgment reversed. Stephens and Sutton, JJ., concur.*