694

Sutton, J. 1. Where two or more persons sign a promissory note as apparent principal makers, the note reciting that "We promise to pay," and there is nothing to indicate that such signers are not principal makers, the note is prima facie a joint, and not a joint and several, undertaking. *Graham* v. *Marks*, 95 *Ga.* 38 (21 S. E. 986); *Elrod* v. *Camp*, 150 *Ga.* 48, 50 (102 S. E. 357); *Exchange Bank of Savannah* v. *Harper*, 35 *Ga. App.* 786 (134 S. E. 789). It follows that a suit on such a note can not be maintained against one of the makers alone, without accounting in a legal way for not joining the others in the suit. *Smith* v. *Moore*, 45 *Ga. App.* 708 (165 S. E. 765), and authorities cited in the opinion. The instant case is distinguishable from *Reid* v. *Flippen*, 47 *Ga.* 273; *Heard* v. *Tappan*, 116 *Ga.* 930, 933 (43 S. E. 375); *McMillan* v. *Heard National Bank*, 19 *Ga. App.* 148 (91 S. E. 235); *Burson* v. *Shields*, 160 *Ga.* 723, 730 (129 S. E. 22). In those cases it was held that where a promissory note is signed by one as maker and the other as surety, it is joint and several, although it contains a recital that "We promise to pay." In the case at bar the note sued on was signed by all the parties as apparent makers.

2. The allegations in plaintiffs' amendment, that they had previously brought a suit against Mrs. Helen Gray, one of the other parties whose name appears on the note, that she had filed an answer setting up that she was a married woman and had signed as surety for her husband, another of the makers, who is now dead, that they had no evidence to contradict the allegations of this answer and dismissed their action against this maker, but that they have not released her from liability on the note and she is not released by any act of theirs, are not sufficient to show that this maker was in fact a surety. It is clearly inferable from these allegations that the plaintiffs did not concede that this maker signed the note as a surety, for if she had, being a married woman, she would not be liable, but on the contrary they alleged, in effect, that they did not consider her released from liability on the note. Moreover, counsel for the plaintiffs do not contend that this maker signed as a surety, but proceed on the theory that she was a maker, and that under section 68 of the negotiable instruments law (Ga. L. 1924, pp. 126, 140), the liability of the signers of this note was joint and several. It has been held that this section has application to indorsers only, and not to joint makers. *Smith* v. *Moore*, supra.

3. It follows that the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided April 5, 1933.

*T. G. Head,* for plaintiffs.
*W. E. Mann, W. G. Mann,* for defendant.