## 24109. BENSON *v.* HENNING.

SUTTON, J. 1. A promissory note signed by two persons as apparent principal makers, reciting, "We promise to pay," etc., where there is nothing to indicate that they are not principal makers, is prima facie a joint note. *Locher* v. *Gray,* 46 *Ga. App.* 694 (168 S. E. 909). However, it may be shown by parol that one of the persons so signing the note as an apparent maker was in truth a surety for the other signer, rather than a coprincipal. Civil Code (1910), § 3556; *Duckett* v. *Martin,* 23 *Ga. App.* 630 (2) (99 S. E. 151). And where the one thus claiming suretyship claims a discharge or release by reason of some act increasing his risk as surety, he must go further and show that the payee knew he was surety at the time of the act in question. *Williams* v. *Peoples Bank,* 9 *Ga. App.* 714 (72 S. E. 177).

(a) One "who signs a note with another apparently as a joint principal may in an action by the payee plead and prove that he had no interest in the paper and was only surety for the accommodation of the other and principal signer, *and that the plaintiff took the note with knowledge of such facts*" (italics ours). *Cheshire* v. *Hightower*, 33 *Ga. App.* 793 (127 S. E. 891), and cit.

(b) Under such circumstances the fact that the payee of the note might have been induced to make the loan on the faith of the surety's credit, rather than upon that of the principal debtor, would not alter the above rule. *Cordray* v. *James*, 19 *Ga. App.* 156 (91 S. E. 239).

2. There was an issue of fact in this case as to whether the payee knew at the time the note was executed or at the time of the extension granted to the other maker that the defendant in this case was only a surety. If the defendant was in fact a surety only, then the principle of law laid down in *Duckett* v. *Martin*, supra, that "if the payee, under a valid agreement with the principal and without the consent of the surety, extends the time of maturity as fixed by the obligation, a release of the surety will result; but in order to discharge a surety by an extension of time granted to the principal, not only must there be an agreement for the extension, but the indulgence must be for a definite period fixed by a valid agreement " (see sections 3542, 3543, 3544, and 3547 of the Civil Code of 1910),. and if the jury believed that the time for payment of this note was extended by the payee, as claimed by the alleged surety, then the surety would be discharged from all liability and a verdict should have been returned in his favor. It follows that the issue in this case was one of fact for determination by a jury, and that a verdict was not demanded, under the evidence, for the plaintiff.

3. This was a suit on a promissory note, asking for a general judgment against the defendant. The only issue was the question of suretyship and the release of the defendant. Evidence as to the market value of certain land, which had been pledged as security for the debt represented by the note, was immaterial and irrelevant, and should have been excluded by the trial court. Ordinarily, immaterial and irrelevant testimony is not cause for a new trial unless of such nature as to reasonably prejudice the objecting party *(Continental Trust Co.* v. *Bank of Harrison*, 36 *Ga. App.* 149 (5), 136 S. E. 319), and it can hardly be said that the admission of the evidence as to market value of the said property so prejudiced the defendant's case as to require the grant of a new trial, the issue in this case being as to suretyship and whether the defendant had been discharged by reason of the alleged extension agreement with the other signer of the note sued on.

4. The court did not err in failing to charge the jury in this case, at least in the absence of a timely written request, with reference to the principle of law that notice to the proper officials of the Empire Trust Company, the corporate agent of the plaintiff payee in transacting the loan evidenced by the note sued on, of the fact that the defendant was only a surety, would be imputable to the plaintiff payee, the court having charged the jury, in effect, that if they believed that the defendant signed the note sued on as a surety for the other signer, which fact was known to the payee, and further believed that the payee extended the

time of payment of the note, under a valid agreement for a definite time, without the knowledge or consent of the defendant surety, this defendant would be entitled to prevail. The failure of the court to give this principle in charge to the jury was more favorable to the defendant than to the plaintiff.

5. The defendant is not entitled to a new trial because the court in the charge to the jury stated three times that where two persons sign a note as apparent makers, and there is nothing in the instrument to show that one is the surety for the other, prima facie the note is the original undertaking of both signers as principal debtors. The court in the charge expressly instructed the jury that this presumption could be rebutted by parol evidence, but that the burden of rebutting it was upon the defendant. The charge was not argumentative in this respect and did not unduly stress the contentions of the plaintiff payee. The charge of the court as a whole was a fair, accurate, and nicely couched instruction upon the principles of law applicable to a case of the kind under consideration.

6. The court did not err in charging the jury: "It is contended by the defendant . . that after the execution of the note, that he was surety thereon, that that fact was known to the plaintiff, and that with knowledge of that on the part of the plaintiff, he, for a valuable consideration, extended the time for payment of the note to . . W. M. Nichols, without the knowledge or consent of the defendant . . , and that the time for the payment was extended for a definite length of time, and that thereby he was released from liability upon the note." This did not constitute such a misstatement of the contentions of the defendant as would require the grant of a new trial. While it was not exactly accurate, in that the defendant contended that the plaintiff knew at the time of the execution of the note, by and through his duly authorized agent who negotiated the loan, that this defendant signed the note as surety only; yet this excerpt from the charge, isolated from the rest of the charge, which fairly stated the issues and contentions, was not error to such an extent, in the way of misleading the jury, as to demand a new trial. It really placed upon this defendant a lighter burden than that imposed by his defense, to wit that it was only necessary to show knowledge on the part of the payee that he had signed as surety at the time of the extension agreement granted the principal signer, which knowledge could have been acquired by the payee at the time of the extension agreement or at any time prior thereto. The issue in this case, of suretyship and release of the surety by reason of extension to the principal debtor, was justly and fairly submitted to the jury and they found that issue against the surety.

7. The verdict was supported by competent evidence, and there was no error in overruling defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 2, 1935.

*Charles Pigue, Erwin, Erwin & Nix,* for plaintiff in error.
*John H. Boston, Morris & Welsh,* contra.