STATE HIGHWAY DEPARTMENT OF GEORGIA *v.* PEAVY.

DUCKWORTH, Presiding Justice. 1. It is contended by the defendant in error in her motion to dismiss that the case has become moot because after the procurement of the deed sought to be set aside in the trial court the grantee, the plaintiff in error here, acquired by a condemnation proceeding the major portion of the land in question and had, by amendment to its answer in the trial court, disclaimed any right, title or interest in the remaining portion. In the absence of a copy of the condemnation

100

proceeding, however, it can not be determined whether the grantee, the State Highway Department, acquired in such proceeding only the restricted rights available under the Code, § 36-606, to "become vested with such interest in the property taken as may be necessary to enable the corporation or person taking to exercise its franchise or conduct its business," the property to revert, after its use for the purpose sought shall have ceased, to the condemnee, his heirs or assigns, or a fee simple or absolute title as might be acquired by appropriate pleadings and notice under the provisions of the Code, § 36-1111. See *State Highway Department* v. *H. G. Hastings Co.*, 187 *Ga.* 204, 209 (199 S. E. 793, 133 A. L. R. 1). If less than the fee-simple title be acquired in such proceeding, it would be less than the absolute title conveyed by the deed in question, and if the judgment setting aside the deed be reversed it can not be said that the State Highway Department would not be benefited thereby, even though as to a portion of the land a disclaimer of title has been made in the trial court as shown by the record. The motion to dismiss the case as moot is, therefore, without merit and is denied.

2. The present suit, seeking to cancel on equitable grounds a deed executed by the petitioner's deceased mother to the defendant, was subject to the special demurrer on the ground of nonjoinder of necessary parties, in that neither the grantor in the deed nor her executor nor administrator had been made a party defendant to the action. The court erred in overruling the ground of special demurrer; and all proceedings thereafter were nugatory. *Bank of Commerce* v. *Mallicoat*, 150 *Ga.* 263 (103 S. E. 242); *Reeves* v. *Tarnok*, 161 *Ga.* 838 (131 S. E. 891); *Brown* v. *Wilcox*, 147 *Ga.* 546 (94 S. E. 993); *Planters Cotton Oil Co.* v. *McCurley*, 199 *Ga.* 104, 106 (33 S. E. 2d, 270).

*Judgment reversed. All the Justices concur, except Bell and Wyatt JJ., absent on account of illness.*

No. 16230. JUNE 18, 1948. REHEARING DENIED JULY 16, 1948.

*Eugene Cook, Attorney-General, E. L. Reagan, Henry N. Payton, Assistant Attorneys-General, G. Y. Harrell,* and *R. S. Wimberly,* for plaintiff in error.

*Dykes & Dykes,* contra.