# BANK OF LaFAYETTE *v.* GILES.

No. 17562. SUBMITTED SEPTEMBER 10, 1951—DECIDED JANUARY 29, 1952—
REHEARING DENIED FEBRUARY 14, 1952.

*Gleason & Painter* and *Farris & Farris,* for plaintiff in error. *Shaw & Shaw* and *G. W. Langford,* contra.

HEAD, Justice. ■ The primary question in this case is whether or not the deed to secure debt of the husband and wife to the bank secures two subsequent notes signed by T. C. Giles (the husband of the plaintiff) and J. A. Loughridge Jr., in addition to the original loan of $2700.

The bank insists that the promissory note signed by the husband and wife was a joint and several obligation, and that the deed to secure debt would therefore secure individual obligations of either of the two joint makers. It is a general rule that, where two or more persons sign a promissory note providing that "I promise to pay," the obligation is joint and several. Code, § 14-217 (7). The note, however, does not change the terms and provisions of the deed to secure debt, which comes within the rule that "powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised." Code, § 37-607; *Doyle* v. *Moultrie Banking Co.,* 163 *Ga.* 140 (135 S. E. 501); *Cadwell* v. *Swift & Co.,* 174 *Ga.* 313 (162 S. E. 814); *Delray Inc.* v. *Reddick,* 194 *Ga.* 676 (22 S. E. 2d, 599, 143 A. L. R., 519); *Holbrook* v. *Dickson,* 195 *Ga.* 821 (25 S. E. 2d, 671).

The plaintiff relies upon *Americus Finance Co.* v. *Wilson,* 189 *Ga.* 635 (7 S. E. 2d, 259). In that case the provision as to future indebtedness was more certain and distinct than the provision relied upon in the deed to secure debt in the present case. The *Americus Finance Company* case was decided on the rule that, where three individuals execute a security deed in which they are referred to as "party of the first part" and as "grantor," a note signed by one of them for his own debt was not an indebtedness of the "grantor" within the meaning of the security deed. In the present case, the grantors in the deed are referred to in the granting clause by name "of the first part" and thereafter as "first parties." The present case falls squarely within the rule stated in *Americus Finance Co.* v. *Wilson,* supra. "First parties"

as used in the deed in the present case refers to T. C. Giles and Elma T. Giles; and a note signed by T. C. Giles and a third person is not an indebtedness of the "first parties" within the meaning of the deed to secure debt.

■ The bank contends that the trial court erred in overruling ground 2 of its special demurrer. The demurrer quotes from the petition, and avers that the allegations quoted made issues in which T. C. Giles has an interest, and that he should be "made a party to avoid a multiplicity of suits." Neither this, nor any other ground, of the special demurrers raised the question that T. C. Giles was an essential party under the rule that, where cancellation of a deed is prayed, both the grantors and the grantees are necessary parties.

The petition did not pray for cancellation of the deed to secure debt within the rule stated in *State Highway Dept. of Ga.* v. *Peqvy*, 204 *Ga.* 99, 100 (48 S. E. 2d, 726) and like cases cited by the bank. The relief prayed for was the surrender of the deed to secure debt upon payment by the plaintiff of the original debt and interest, as provided by the Code, §§ 67-1306, 67-117. See *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416 (3) (117 S. E. 247). The court did not err in overruling this ground of demurrer.

■ It was alleged in paragraph 7 of the petition that the president of the bank advised the plaintiff "that if she tendered the entire amount due on said note with accrued interest, he would not accept the same as the bank held other indebtedness against petitioner's husband, T. C. Giles, and that the bank would hold said security deed until this other indebtedness had been paid in full." In paragraph 13 it was alleged that the plaintiff "is willing and able to pay the said bank . . the entire indebtedness with accrued interest thereon . . secured by said security deed, the same being a promissory note for $2700 with accrued interest thereon, and she now makes a continuous tender and offer of payment of said note."

Under the rule that equity will not require a useless formality, and that a tender is unnecessary where the person to whom the money is due states that the tender would be refused if made, the allegations of the petition were sufficient to withstand the demurrers interposed. *Ansley* v. *Hightower*, 120 *Ga.* 719 (4) (48 S. E. 197); *Miller* v. *Watson*, 139 *Ga.* 29, 32 (76 S. E. 585);

680

*Tolbert* v. *Short*, 150 *Ga.* 413, 414 (5) (104 S. E. 245) ; *Fraser* v. *Jarrett*, 153 *Ga.* 441, 451 (112 S. E. 487).

The other grounds of demurrer by the bank to the petition are without merit.

■ In its answer to the allegations of paragraph 7, the bank alleged that the plaintiff was told "that the defendant would accept the sum of $2700 and interest represented by said note at any time, but that the said defendant would not satisfy said security deed securing said note, but would continue to hold said security deed as security for two other notes executed by the said T. C. Giles to defendant subsequent to the execution of said security deed, one being for $900 and one being for $2500."

This allegation by the bank that it would accept payment of the note signed by the plaintiff at any time, but that it would not cancel the deed to secure debt until the separate debts of the husband and a third party were paid, was based upon the unauthorized conclusion (apparently insisted upon in good faith) that its security covered these separate debts. If the bank was willing to accept the money, as it alleged, the plaintiff would not be relieved of making a tender. If the allegations of the petition were true, the plaintiff would be relieved from the payment of interest on the note of $2700 from the date of the refusal of the bank to accept the money.

It is a general rule that a tender must be certain and unconditional, and must be in full of the specific debt; and, in order to prevent the running of interest, the tender must be continuing. The fact that it may be made and refused is not sufficient to stop the running of interest. It must appear that the party making the tender has at all times been ready, willing, and able to pay the amount tendered. *Fitzgerald* v. *Vaughn*, 189 *Ga.* 707, 710 (7 S. E. 2d, 78). The allegations of the petition do not show that the plaintiff had the money with which to pay her debt, and fail to show a continuous tender or the equivalent thereof.

The answer of the bank made an issue as to tender. In order to avoid the payment of future interest, the plaintiff should have paid into the registry of the court the entire principal and interest due on the note executed by the plaintiff, in the sum of $2700. The court erred in striking that part of the bank's answer relative to tender.

■ If the bank was entitled under the allegations of its answer, in the nature of a cross-action, to any of the relief prayed against T. C. Giles, it was error for the court to refuse to make him a party in the case. There is no question involved as to the right of the bank to insist that the whole property is security for the original debt of $2700, and there is no contention that, by reason of the deed from the husband to the wife, the lien or security of the bank for the original loan of $2700 was in any way impaired. In its answer the bank attacked the deed dated February 2, 1949, from T. C. Giles to the plaintiff, as a voluntary conveyance, made for the purpose of hindering, delaying, and defrauding his creditors. The bank prayed, in the alternative that, if the deed to secure debt did not cover the indebtedness of T. C. Giles and J. A. Loughridge Jr., the deed from T. C. Giles to the plaintiff be canceled, and the one-half interest of T. C. Giles in the property be decreed to be subject to the notes of T. C. Giles and J. A. Loughridge Jr. to the bank, in the sums of $900 and $2500, respectively.

As a general rule creditors may attack as fraudulent any conveyance interfering with their rights, either in law or in equity. Code, § 28-104. All contracts of any description had for the purpose of hindering or defrauding creditors, with such intention known to the party taking, are fraudulent in law, and as to such creditors shall be null and void. Code, § 28-201.

The two notes of $900 and $2500, respectively, which the bank asserts it has the right to enforce against the alleged one-half interest of T. C. Giles in the property, were executed by T. C. Giles and J. A. Loughridge Jr. The notes provided that "We promise to pay," and there is nothing in either of the notes to indicate that Giles and Loughridge were not joint makers of the notes.

"Where two or more persons sign a promissory note as apparent principal makers, the note reciting that 'We promise to pay,' and there is nothing to indicate that such signers are not principal makers, the note is prima facie a joint, and not a joint and several, undertaking. *Graham* v. *Marks*, 95 *Ga.* 38 (21 S. E. 986); *Elrod* v. *Camp*, 150 *Ga.* 48, 50 (102 S. E. 357); *Exchange Bank of Savannah* v. *Harper*, 35 *Ga. App.* 786 (134 S. E. 789). It follows that a suit on such a note can not be maintained against

one of the makers alone, without accounting in a legal way for not joining the others in the suit." *Locher* v. *Gray*, 46 *Ga. App.* 694 (168 S. E. 909) ; *Smith* v. *Moore*, 45 *Ga. App.* 708 (165 S. E. 765) ; *Benson* v. *Henning*, 50 *Ga. App.* 492 (178 S. E. 406).

The bank can not proceed against T. C. Giles on the two notes signed by Giles and Loughridge as joint makers, without joining Loughridge, or showing that he can not be served. The trial court did not err in refusing to make T. C. Giles a party on the basis of any relief sought against him in the present case.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Duckworth, C.J., and Wyatt, J., who dissent.*

DUCKWORTH, Chief Justice, and WYATT, Justice, dissenting. We dissent because this case is distinguishable from the case of *Americus Finance Co.* v. *Wilson*, 189 *Ga.* 635 (7 S. E. 2d, 259), in that here the deed refers to the "grantors" in the plural, while there the deed referred to them in the singular. Admittedly this is a fine distinction but, believing that the decision there is unsound and, hence, unwilling to extend the rule there applied beyond the identical facts upon which it was based, we are unwilling to apply it here.