### 37509. KATZ *et al. v.* TEICHER.

TOWNSEND, Judge. 1. Katz and others doing business as Denrose Diamond Co. filed an action against Timms Jewelry Company, a corporation, and Sidney Teicher, alleging that the defendants are jointly and severally liable on a certain promissory note containing the language *"April 20, 1958 after date we promise to pay to the order of Denrose Diamond*

*Company eight hundred* dollars" and, on the two signature lines, containing the words "Timms Jewelry Co." apparently placed there by stamp, and the words "Sidney Teicher" on the line below in handwriting. The italicized words are typewritten and the remainder constitutes the printed form. Teicher demurred generally to the petition on the ground that the note showed no individual liability of this defendant to the plaintiff, and the trial court sustained the general demurrer and dismissed the petition as to him. This judgment is assigned as error.

2. "Where two or more persons sign a promissory note as apparent principal makers, the note reciting that 'we promise to pay', and there is nothing to indicate that such signers are not principal makers, the note is prima facie a joint, and not a joint and several undertaking." *Locher* v. *Gray*, 46 *Ga. App.* 694(1) (168 S. E. 909); *Bank of LaFayette* v. *Giles*, 208 *Ga.* 674, 681 (69 S. E. 2d 78). The fact that the word "we" in this note is not a part of the printed form but was inserted along with other specific data by typewriter is also a fact which may be taken into consideration in determining the intention of the parties in executing the instrument.

3. "An instrument to be negotiable must conform to the following requirements: (1) It must be in writing and signed by the maker or drawer . . ." Code § 14-201. This Code section is a part of the Uniform Negotiable Instruments Law. "The signature may be in one's handwriting, or printed, engraved, lithographed or photographed so long as they are adopted as the signatures of the signers." Britton, Bills and Notes, p. 33, § 8 and citations; 46 A.L.R. 1498 (Annotation); and citations. Where the name of a corporation is signed to a promissory note by one authorized to do so, the validity of the corporate signature is not affected by the fact that it does not show on its face who signed for the corporation. National City Bank v. Zimmer Vacuum Renovator Co., 132 Minn. 211 (156 N.W. 265). "A printed signature or one lithographed on an instrument by the party as signed by him is sufficient." *Bank of Ringgold* v. *Poarch*, 30 *Ga. App.* 102 (117 S. E. 114).

4. It follows from the above that both the signature of the corporation and the signature of the defendant Teicher are sufficient within themselves to bind each of them, and nothing appears upon the face of the instrument to indicate that Teicher signed in a representative rather than an individual

capacity. Code § 14-220 provides in part: "Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized." Where as here, however, no such representative capacity appears, the note is prima facie a joint and several obligation, although, as between the parties themselves, the capacity of the signatories may be proved upon the trial of the case, since the note is a contract and the agreed intention of the parties thereto would prevail.

The trial court erred in sustaining the general demurrer and dismissing the defendant Teicher as a party to the suit.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 20, 1959.

*Smith, Field, Doremus & Ringel, Sam F. Lowe, Jr., H. A. Stephens, Jr.,* for plaintiffs in error.

*Ginsberg & Haskins, A. Sidney Parker,* contra.