21529. CORDELE BANKING COMPANY v. POWERS.

SUBMITTED JANUARY 9, 1962—DECIDED FEBRUARY 8, 1962.

*Wright & Reddick,* for plaintiff in error.

*John R. Rogers,* contra.

QUILLIAN, Justice. ■ The bank contends that it was empowered under the drag-net clause of the deed Mrs. Mattie Powers and her husband, Jack Powers, executed to secure the payment of a note they both signed to sell under a power of sale contained in the deed, a one-half interest of the land therein described as property of Jack Powers to satisfy notes which he alone owed the bank, as against a deed of gift Powers had subsequently made to his wife.

The drag-net clause referred to reads: "one note dated 2-17-59, due 1-1-60, for $7,000.00 as well as to secure the payment of any other indebtedness now or hereafter owing to said second party by said first party either as sole debtor, joint promisor, endorser, guarantor, or otherwise, not exceeding in the aggregate $12,000.00."

The language of the power of sale contained in the deed is: "In the event the said first party fails to pay promptly at maturity any of said notes or any interest thereon or any part of the taxes as they accrue against said property before delinquency thereof, or any other lawful charges against said property, or fails to keep said property insured in an amount of at least $_____ for the benefit of the said second party, its successors or assigns, then the entire debt secured by this deed shall become due and payable at once at the option of the holder thereof, time being of the essence thereof, and the Grantee in this deed, its successors and assigns, is hereby authorized at its or their option to sell as attorney in fact for the undersigned at public outcry before the courthouse door in the County of Georgia in which the property is located, to the highest bidder for cash all or any part of said property to pay said indebtedness, with interest thereon and the expenses of this proceeding after having advertised the same for sale in the official organ or any newspaper having general circulation in the County or Counties where said land lies, once a week for four weeks, with the right of said second party, its successors or assigns, to purchase said property at such sale."

Powers of sale contained in deeds to secure a debt and instru-

ments of similar nature are strictly construed and must be fairly exercised. *Code Ann.* § 37-607; *Doyle v. Moultrie Banking Co.*, 163 Ga. 140 (135 SE 501). In construing such instruments the words employed to express the intention of the parties will be given their ordinary signification, and where the language of the document is plain, its meaning will not be extended by interpretation. *Wolverine Ins. Co. v. Jordan*, 213 Ga. 299, 302 (99 SE2d 95).

■ The deed executed by the plaintiff and her husband, Jack Powers, to secure a debt due the defendant bank designates the plaintiff and her husband by singular number as "party of the first part" and throughout the instrument, whenever alluded to, they are called "party of the first part." Hence, according to the pronouncements of *Americus Finance Co. v. Wilson*, 189 Ga. 635 (7 SE2d 259), and *Bank of LaFayette v. Giles*, 208 Ga. 674 (69 SE2d 78), an individual debt owed to the bank by Mr. Powers alone was not the debt of the "party of the first part" which fell within the operation of the deed's dragnet clause, quoted in the preceding division of this opinion, that the bank was authorized to collect through the exercise of the power of sale contained in the deed.

The bank contends that the case at bar is distinguishable from the *Giles* case, supra, because in the *Giles* case the note signed by the grantors of the deed given to secure its payments was the joint obligation of the signers, whereas the note secured by the deed executed by the Powers in this case is their joint and several undertaking. The point is not well taken, because in both instances the secured note appears to be joint and several promises to pay. In the *Giles* case it is held (p. 678): "It is a general rule, that where two or more persons sign a promissory note providing that 'I promise to pay,' the obligation is joint and several. *Code* § 14-217 (7). The note, however, does not change the terms and provisions of the deed to secure debt, which comes within the rule that 'powers of sale in deeds of trust, mortgages, and other instruments shall be strictly construed and shall be fairly exercised.' *Code* § 37-607; *Doyle v. Moultrie Banking Co.*, 163 Ga. 140 (135 SE 501); *Cadwell v. Swift & Co.*, 174 Ga. 313 (162 SE 814); *Delray, Inc. v. Red-*

*dick,* 194 Ga. 676 (22 SE2d 599, 143 ALR 519) ; *Holbrook v. Dickson,* 195 Ga. 821 (25 SE2d 671)."

The only distinction that we observe in the cases is that the deed in the present case more clearly and definitely describes the grantors as a unit, than does the deed in the *Giles* case. The Powers in the deed made by them, as were the makers of the deed in the *Wilson* case, supra, are designated in singular number as "party of the first part" and "grantor," while in the *Giles* case the deed refers to the makers of the deed as "grantors" and "first parties."

■ The petition did not, as the bank insists, disclose that the deed made by Powers to his wife, the plaintiff, was made to hinder, delay, and defraud the bank. As in the case of *Brown v. Spivey,* 53 Ga. 155, the petition does not intimate that Powers was insolvent at the time the deed was executed. It was held in the *Brown* case, supra, p. 155 (2) : "A voluntary conveyance made by a husband, solvent at the time, to his wife and children, is binding as against creditors."

Moreover, from the averments of the petition it does not appear that the plaintiff, Mrs. Powers, was aware or had reason to suspect any purpose of her husband to delay or defeat the bank in the collection of any debt due by him. In fact, it does not appear from the petition that she had reason to suspect he owed any debt to the bank except the note described in the deed delivered to the bank and that she signed with him. *Elder v. Hewitt,* 33 Ga. App. 410 (8) (126 SE 848).

■ The defendant's contention that Jack Powers was a necessary party to the case is not well taken. The same point was raised in the *Giles* case, 208 Ga. 674 (2) supra, where it was held: "Upon payment of the amount due under the terms of a deed to secure debt, it is the duty of the grantee in such deed to surrender and deliver it to the grantor with a proper entry showing payment, and the grantor may thereafter have it 'satisfied' of record. A petition seeking to have the above rule complied with by the grantee is based upon a statutory right." As was further pointed out, the petition did not pray for cancellation of the deed to secure debt, but the relief prayed for was the surrender of the deed to secure debt upon payment by the

plaintiff of the original debt and interest. Hence, the other grantor was not an essential party to the suit.

*Judgment affirmed. All the Justices concur.*